No. 17,290.

## HOLT ET AL. *v.* ROCKHILL, BY NEXT FRIEND.

BILL OF EXCEPTIONS.—*Reporter's Longhand Manuscript of Evidence Containing Instructions and Exceptions thereto.*—A bill of exceptions in which is embodied the original longhand manuscript of the shorthand report of the evidence and its incidents, which incorporates also instructions given and refused and exceptions thereto, cannot properly be certified to the Supreme Court, and if

so certified will be disregarded, because the Indiana statute requires that a bill containing anything more than the stenographer's report of the evidence be copied by the clerk and the transcript thereof be certified by him.

From the Huntington Circuit Court.

*Holstein & Barrett, Spencer & Branyan* and *Milligan & Cook,* for appellants.

*Morris, Bell, Barrett & Morris, Watkins* and *J. C. Branyan,* for appellee.

McCABE, J.—The appellee, sued the appellants to set aside the will of her grandmother, Ann M. Holt, deceased. The issues formed upon the complaint were tried by a jury, resulting in a verdict for the plaintiff, the appellee, upon which she had judgment setting aside the will. It is assigned for error that the circuit court overruled appellants' motion for a new trial. This is the only assignment of error. The correctness of the court's ruling in refusing the new trial depends entirely upon the evidence. And the appellee contends that the evidence is not in the record. Exceptions appear in what purports to be the bill of exceptions to the giving and refusal to give certain instructions also set out in said bill of exceptions. The motion for a new trial was overruled on March 30, 1894, and ninety days time was allowed the appellants in which to file a bill of exceptions, and thereupon on the same day the judgment was rendered.

On April 26, 1894, the bill of exceptions was filed in open court. That was within the time allowed.

There is much in the transcript before us indicating that the evidence embodied in the bill of exceptions is the original longhand manuscript of the shorthand report, and its incidents taken by the official reporter at the trial. But there is nothing to show that such long-

hand manuscript was filed .in the clerk's office.   As already observed, the transcript shows that the bill of exceptions incorporating such manuscript was filed. But the statute provides that: "The original longhand manuscript of the evidence,   *   *   may be filed with the clerk of the court by the party entitled to the use of the same; and in case of an appeal,   *   *   it shall be the duty of the clerk, if requested to do so by said party, to certify the said original manuscript,   *   *   when the same shall be incorporated in a bill of exceptions,   *   * *   instead of a transcript thereof."   Burns R. S. 1894, section 1476 (R. S. 1881, section 1410).   It is the said original manuscript of evidence that was filed in the clerk's office by the party entitled to use the same, that the clerk is authorized to certify to this court after it is incorporated in a bill of exceptions, instead of a transcript thereof.

A strict compliance with the statute, therefore, requires that such longhand manuscript be filed in the clerk's office before it is incorporated in the bill of exceptions, and that fact must be shown in the transcript in the bill of exceptions or in some other appropriate way.   This would be construing the statute as mandatory and not directory merely, as to the filing of the longhand manuscript.   It is unnecessary to the decision of this case that we determine whether the provision in question is mandatory or directory merely. Because it clearly appears, and it is conceded by the appellants' learned counsel that the original bill of exceptions is certified here instead of a transcript thereof. And it further clearly appears that the bill of exceptions incorporates more than the evidence, it incorporates instructions given and exceptions thereto, and instructions refused and exceptions thereto.

The general provisions of our code as to appeals

Holt *et al. v.* Rockhill, by Next Friend.

require a transcript of the record of the trial court to be certified here, under which no original paper or document belonging to that record can be certified here, and if so certified must be disregarded because not a part of the record in this court.    Burns R. S. 1894, sections 661, 662 ; R. S. 1881, sections 649, 650.

The only exception to this general rule is that created by the statute already cited, authorizing the original longhand manuscript of the evidence to be certified instead of a transcript thereof, after being filed and incorporated in the bill of exceptions.    A literal construction of that statute would only authorize the original longhand manuscript to be certified, and would require a transcript of all else in the bill of exceptions. But where there is nothing incorporated in the bill but the stenographer's report of the evidence with its incidents, it was held by this court in *McCoy* v. *Able,* 131 Ind. 417, that the original bill may be certified up to this court as part of the record.    It was there said : " But the rule we declare does not have, and cannot be made to have, any application to any other bills of exceptions except such as are prepared for the purpose of bringing into the record the longhand manuscript of the official reporter and its necessary incidents.    All other bills of exceptions must be copied by the clerk. Nor can the rule apply to a bill of exceptions wherein other matters than the longhand report, and matters legitimately connected therewith are sought to be brought into the record.    In order to come within the rule stated, the bill of exceptions must be confined to the single office of exhibiting the report of the evidence and the matters directly and properly pertaining thereto."

The bill of exceptions before us is not a compliance with this rule because it is not confined to the incorporation of the evidence and its incidents.    Therefore,

First Nat'l Bank of Crawfordsville *v.* Dovetail Body & Gear Co. *et al.*

it makes no difference whether we regard the longhand manuscript as incorporated, or the evidence written out and incorporated from some other source in the bill of exceptions, as in either case the original bill of exceptions cannot be certified here as a part of the record in this court.

Therefore, the bill of exceptions not being a part of the record in this court, the alleged errors relied upon in support of the motion for a new trial are not presented for our consideration and decision.

Judgment affirmed.

Filed June 12, 1895 ; petitions for rehearing overruled January 28, 1896.