## SMITH v. THE STATE.

[No. 17,729. Filed Feb. 14, 1896. Rehearing denied May 27, 1896.]

CRIMINAL LAW.—*Perjury.—Affidavit and Information.—Repugnancy.* —When on affidavit and information a person is prosecuted for perjury, the affidavit charging the perjury to have been at the trial of a cause on the 26th of September, 1893, and the information alleges that the cause, at the trial of which the perjury was committed, was pending in the circuit court on the 26th of September, 1889, and that the perjury was committed on the 26th of September, 1893, a motion to quash, on the ground of repugnancy between the affidavit and information, and on the ground of repugnancy in the allegations of the information, is properly overruled.

JUDGE.—*Appointment of Special Judge.*—Only a regular judge may appoint a special judge in his place.

SAME.—*Appointment of Special Judge.—Attorney.*—When a regular judge for any reason is disqualified from sitting in any cause, he is authorized under section 1839, Burns' R. S. 1894, to appoint any competent disinterested attorney of this State as special judge, if in his opinion another regular judge cannot be readily obtained.

CHANGE OF VENUE.—*Perjury.—Discretion of Court.*—Where, in a prosecution for perjury, the defendant applies for a change of venue from the county, under section 1840, Burns' R. S. 1894, whether it shall be granted or not, is a matter that rests in the sound discretion

Smith *v.* The State.

of the court ; and the exercise of that discretion will not be reviewed unless it has been clearly abused.

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript.— Evidence.*—The act of March 7, 1873 (Acts 1873, Reg. Sess., 194), requiring that the longhand manuscript of evidence to be used on appeal shall be filed with the clerk before it is incorporated into the bill of exceptions, is still in force.

QUERY.—Whether or not the act of March 10, 1875 (Acts 1875, 137), is constitutional.

From the Huntington Circuit Court.  *Affirmed.*

*Kenner & Lesh,* and *Cobb & Hart,* for appellant.

*W. A. Ketcham,* Attorney-General, *E. S. Kelsey, W. F. Dinins,* and *Branyan & Branyan,* for State.

HOWARD, J.—On affidavit and information, the appellant was convicted of perjury, and sentenced to imprisonment in the State's prison.

It is first urged that the court erred in overruling the motion to quash the first count of the affidavit and information, under which the conviction was had. The reason given for this contention is that there is repugnancy between the affidavit and information, as to the date of the offense charged; and also that there is repugnancy in the allegations of the information itself.

The affidavit charges that the perjury was committed, at the trial of a certain cause in the Huntington Circuit Court, "on the 26th day of September, 1893." This date appears twice in the affidavit with the first count of the information, and twice also in the affidavit with the second count; and no other date is named in either affidavit.

In the first clause of the information it is stated that the action, in the trial of which it is alleged that the appellant committed the act of perjury, was pending in said court "on the 26th day of September, 1889."

In a subsequent clause of the information, and that in which the particulars as to the alleged false testimony of appellant are set out, the date of the trial, being also the date of the alleged perjury, is stated as follows: "And said issue being duly joined in said cause between the said claimant and the said estate, and the said petit jury of twelve men being duly impaneled and sworn to try said cause, and said cause was so tried in the Huntington Circuit Court on the 26th day of September, 1893; and said issues were tried by said court and jury, in due form of law, and he, the said John W. Smith, was called as a witness by the claimant and plaintiff in said cause, and was duly sworn in due form of law as such witness." The testimony given by the witness, and alleged to have been false, is then set out in detail in the information.

The date of the trial and of the alleged perjury, September 26, 1893, being the last date named in the information, agrees with the dates stated in the affidavit. The first date named in the information, that on which it is alleged the action was pending, September 26, 1889, we are satisfied, is a mere clerical error. Yet, even if the action were in fact pending on September 26, 1889, that circumstance would not be inconsistent with the fact of the trial of the cause, and the commission of the act of perjury on September 26, 1893. Besides, the first date, in the information, together with all the words and phrases relating to it, may be omitted as surplusage, and we shall have left, as said in *State* v. *White,* 129 Ind. 153, "sufficient to indicate the crime and person charged substantially in the language of the statute." Section 2093, R. S. 1894 (section 2006, R. S. 1881). See also *Drake* v. *State, Post,* 210.

As to repugnancy claimed to exist among the allegations of the information itself, we think, after a

careful reading of the information, that it is clear to a common intent, and that appellant could have suffered no harm from any irregularities of language contained in it. The crime of perjury is substantially well charged; and the statute forbids the quashing of an indictment or information, among other defects, "for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged." Section 1825, R. S. 1894 (section 1756, R. S. 1881); *McCool* v. *State*, 23 Ind. 127; *Wall* v. *State*, 23 Ind. 150; *State* v. *Patterson*, 116 Ind. 45.

What we have said as to the motion to quash the information, is equally applicable to the motion in arrest of judgment. Both motions, as we think, were properly overruled.

Several errors are assigned and discussed as to the appointment of judges to try the cause. The Hon. C. W. Watkins, the regular judge, having been of counsel in the case, called the Hon. J. T. Cox, judge of the Fifty-first Judicial Circuit, to try said cause, and all other causes that might be brought before him while "acting as special judge of this court." After Judge Cox assumed jurisdiction of the case, the appellant filed a motion and affidavit for a change of judge on account of bias and prejudice. On the granting of this motion, the appellant requested Judge Cox to call a special judge to hear the cause, but Judge Cox refused to call another judge, for the reason that, being himself an appointee, he had no authority to appoint another judge, that such authority could be exercised only by the regular judge. This refusal of Judge Cox to appoint another special judge, and the action of Judge Watkins, the regular judge, in taking the bench and making such appointment of a second special judge, was, we think, in strict compliance with the statute. Only a regular judge may appoint a special

judge in his own place. Section 1447, R. S. 1894; 2
Gav. & H. 10; 2 Davis, R. S. 1876, 11; Acts 1855, 62;
*Burrell* v. *State*, 129 Ind. 290; *Glenn* v. *State, ex rel.*, 46
Ind. 368; *Cargar* v. *Fee*, 119 Ind. 536, and 140 Ind. 572.

But, even if our decisions had not so ruled, still, in
this case, as Judge Cox refused to appoint another
special judge, and the jurisdiction of the cause re-
maining in the Huntington Circuit Court, the regular
judge of that court would have the right to appoint
some one to try the cause. This would be required by
public policy. *Singleton* v. *Pidgeon*, 21 Ind. 118.

Complaint is also made that even if Judge Watkins
had power to appoint the second special judge, he
ought to have called another regular judge, and not
have appointed an attorney to try the cause. The
statute, section 1839, R. S. 1894 (section 1770, R. S.
1881), leaves the appointment in such case to the dis-
cretion of the judge, providing only that "if it shall
be difficult, in the opinion of the court, for
any cause, to procure the attendance of such
judge," then "any competent and disinterested at-
torney of this State, in good standing," shall be ap-
pointed to try the cause. Judge Watkins, in mak-
ing the appointment complained of, said: "In the
opinion of the court such regular judge cannot be
readily obtained." And counsel do not question but
that the attorney appointed was competent, disinter-
ested, and in good standing. This would seem to show
that the appointment was fully authorized. Under
section 1447, R. S. 1894, already cited, the appoint-
ment complained of might also have been made.

Complaint is made that the court overruled the mo-
tion for a change of venue from the county. It is pro-
vided in section 1840, R. S. 1894 (section 1771, R. S.
1881), that "When the affidavits are founded upon ex-
citement or prejudice in the county against the de-

fendant, the court, in all cases not punishable by death, may, in its discretion, and in all cases of felony punishable by death shall grant a change of venue to the most convenient county."

On the ruling here complained of, we may say, as was said by Judge Worden, in *Mershon* v. *State*, 44 Ind. 598: "There was an affidavit of the appellant, supported by affidavits from others, for a change from the county; but counter-affidavits were filed, and, although a strong case was made for a change, we can not say that there was such an abuse of discretion in overruling the motion as to amount to error. Where the application is for a change from the county, whether it shall be granted or not is a matter that rests in the sound discretion of the court; and the exercise of that discretion will not be reviewed here, unless it has been clearly abused. *Fahnestock* v. *State*, 23 Ind. 231."

It is finally contended that the court erred in overruling appellant's motion for a new trial. Counsel for the State, however, say that this assignment of error is unavailable, for the reason, as they contend, that the bill of exceptions containing the evidence is not in the record. The basis for this contention is that the longhand manuscript of the evidence was not filed in the clerk's office before it was incorporated in the bill of exceptions, contrary to the requirement of the statute. Section 1476, R. S. 1894 (section 1410, R. S. 1881).

The certificate of the judge shows that the bill of exceptions was presented to him and signed August 13, 1895; while the certificate of the clerk shows that the longhand manuscript of the evidence, and also the bill of exceptions, were not filed in his office until August 14, 1895. It is the rule, as required by said statute, and as firmly fixed by the decisions of this

court, that the longhand manuscript copy of the evidence, as taken down by the shorthand reporter, shall be filed in the clerk's office before it is incorporated in the bill of exceptions. *Holt* v. *Rockhill*, 143 Ind. 530, and *DeHart* v. *Board, etc.*, 143 Ind. 363, and authorities cited in those cases.

Counsel for appellant say, in answer, that said section 1476, R. S. 1894 (section 1410, R. S. 1881), providing for the filing of the longhand manuscript in the clerk's office, and its incorporation in a bill of exceptions, is invalid as applied to Huntington county. They say that said section was originally enacted as section 6 of an act entitled, "An act authorizing the appointment of shorthand reporters for certain courts of record in this State (in counties containing a population of 70,000, or more), and prescribing their duties, and compensation of such reporters." (Approved March 10, 1875. Acts 1875, 137.) That Huntington county does not contain a population of 70,000, as this court knows, and therefore the act in question, including said section 1476, R. S: 1894 (section 1410, R. S. 1881), being section 6 of said act, has no application to a cause tried in the Huntington Circuit Court.

This, we believe, is the first time that the validity of the statute here assailed has been questioned in this court. It must be admitted that the position assumed by counsel would seem to be well taken, and that the act of March 10, 1875, could apply only in the courts of counties having 70,000 inhabitants or more. Query. Whether such act is not local or special, and so, with its numerous amendments, invalid, as in violation of section 22 of Art. 4, of the constitution, forbidding local or special laws "regulating the practice in courts of justice?"

But while section 1476, R. S. 1894 (section 1410, R. S. 1881), although brought into the revised statutes as

section 6 of the act of March 10, 1875, may, therefore, together with the whole act of which it is a part, as well as its several amendments, be invalid; yet, as will be found on examination, the provisions contained in said section, are the same as those contained in another act, which is still in force, and which latter act applies to the courts of all counties in the State.

In section 1 of an act entitled "An act concerning the employment of shorthand reporters, regulating their duties, and providing that the original longhand manuscript report of evidence may be used on appeal in certain cases," approved March 7, 1873, Acts 1873, Rg. Sess. 194, we find contained, in full and in the exact language, all the provisions of section 1476, R. S. 1894 (section 1410, R. S. 1881). This act of March 7, 1873, so far as we can learn, has never been repealed or amended, and is yet in full force and effect. *Galvin* v. *State, ex rel.*, 56 Ind. 51.

As to the further contention of counsel, that it was held by this court, in *Hull* v. *Louth, Gdn.*, 109 Ind. 315, that "where the longhand manuscript of the evidence is "where the longhand manuscript of the evidence is filed with, and as a part, of the bill of exceptions, that is a sufficient filing;" it may be said that such holding was, in effect, disapproved and said case overruled to that extent in the more recent cases of *Holt* v. *Rockhill*, and *DeHart* v. *Board, etc., supra.*

The bill of exceptions is therefore not a part of the record, and the questions raised in the motion for a new trial cannot be considered.

The judgment is affirmed.