Beatty v. Miller.

# BEATTY v. MILLER.

[No. 17,543. Filed May 26, 1896. Rehearing denied Nov. 13, 1896.]

COURT STENOGRAPHER.—Section 1, Act of March 7, 1873 (Acts 1873, p. 194) relating to the employment of shorthand reporters by parties in trial court has not been repealed.

APPEAL AND ERROR.— Bill of Exceptions. — Transcript Must Show Filing Of.—The transcript must affirmatively show that the bill of exceptions was filed in the office of the clerk, and also the date of filing the same.

SAME.—Longhand Manuscript of Evidence.— When Filed.—The longhand manuscript of the evidence must be filed with the clerk before it is incorporated in the bill of exceptions.

PRACTICE.—Evidence.—Breach of Marriage Contract.—Where in suit for breach of marriage contract an answer is filed calling in question the good character of the plaintiff before the time of the alleged contract, it is not error to admit in evidence on the trial such answer, together with depositions taken in support thereof, even though the answer had been withdrawn before the commencement of the trial.

From the Owen Circuit Court. Affirmed.

George Haldorn, W. M. Franklin, and I. H. Fowler, for appellant.

Willis Hickam, for appellee.

HOWARD, J.—This was an action for breach of promise of marriage, brought by appellant against appellee.

The jury returned a general verdict for the appellee; and also, in answer to an interrogatory, found specially that there had never been any "good faith contract of marriage" between the parties.

It is contended on this appeal that the court erred (1) in overruling the motion for a new trial, and (2) in taxing certain costs against appellant.

Appellee first urges that the bill of exceptions purporting to contain the longhand manuscript of the evi-

dence is not in the record, and hence that no question is presented under the first assignment of error. Counsel gives as a reason for this contention that no appointment was made by the court of an official stenographer to take down the evidence, as required by statute. Sections 1470-1476, Burns' R. S. 1894 (1405-1410, R. S. 1881).

In *Smith* v. *State*, 145 Ind. 176, it was very clearly intimated that the sections in question in relation to the appointment and duties of an official stenographer, at least in so far as they consist of the several sections of the act of the general assembly, approved March 10, 1875 (Acts 1875, p. 137), and the amendments thereto, are all invalid. It was, however, also held, in that case, that the provisions of one of said sections, namely, section 1476, Burns' R. S. 1894 (1410, R. S. 1881), are contained in full in section 1 of the act concerning the employment of shorthand reporters, approved March 7, 1873 (Acts 1873, p. 194), which last act, though not brought into the revised statutes, is yet unrepealed, and is apparently the only law in existence authorizing the use of the original longhand manuscript of the evidence in a trial taken down by a shorthand reporter. In the first section of the act of 1873, the course followed in the case at bar for the appointment of a shorthand reporter, seems to have been substantially the mode prescribed; namely: "Whenever, on the trial of any cause in any of the courts of this State, the parties thereto, or either of them, shall employ a shorthand reporter to make a verbatim report of the evidence in said cause, the court shall, upon such party's motion, administer to the said reporter an oath that he will make a fair and impartial report of all the evidence in said cause." The remainder of said section is identical with the provisions of section 1476 (1410), *supra*.

Beatty *v.* Miller.

It does not appear, however, that the provisions of the statute as to the filing of said bill of exceptions or of the longhand manuscript of the evidence were complied with in this case. In the first place, there is no "entry or recital in the transcript at the proper place," showing the filing of the bill of exceptions, as prescribed in *Wagoner* v. *Wilson*, 108 Ind. 210, at p. 215; and repeated in *Miller, Admx.*, v. *Evansville, etc., R. R. Co.*, 143 Ind. 570. In the latter case it was said: "It. is firmly settled by the decisions of this court that the transcript of the proceedings which comes to this court must affirmatively show, independent of the bill, that the latter was filed in the office of the clerk, and also the date of filing the same."

The paper found with the transcript in this case, and purporting to be a "bill of exceptions," is without any indications as to its filing, unless it be the file mark of the clerk, "July 16, 1894." Within the bill, and near its close, are statements, signed by the judge, showing that it was presented to him June 29, 1894, and signed July 14, 1894. The certificate of the clerk, following and attached to the bill, makes no statement as to its filing.

In addition, the bill, in connection with the file marks and the clerk's certificate, shows that it was incomplete at the time it was signed by the judge. While there is nothing to show when the bill was filed, or whether it was ever filed, yet it does appear that the longhand manuscript was filed with the clerk on July 16, 1894, two days after the bill was signed by the judge. But the statute requires, as often held, that the longhand manuscript shall be filed in the clerk's office before it is incorporated in the bill of exceptions. After the bill is thus prepared, with the longhand manuscript incorporated therein, the bill so completed is ready to be presented to the judge for his examina-

tion or correction and signature. When the bill is signed, it also must be filed in the clerk's office. These things were not done, and the evidence is therefore not in the record. *Holt* v. *Rockhill*, 143 Ind. 530; *DeHart* v. *Board, etc.*, 143 Ind. 363; *Smith* v. *State, supra; Ayers* v. *Armstrong*, 142 Ind. 263.

Besides, we may add, that even if the evidence were before us, there could be no reversal of the judgment for the reasons urged by appellant. The jury found expressly that there was no marriage contract between the parties. The correctness of this finding is not questioned by appellant; for, although the third reason given for a new trial is that the court erred in requiring the jury to find whether there was such a contract, yet this assignment is passed without discussion in the voluminous briefs of appellant. It would also appear from the evidence, if we might refer to it, that there was abundant testimony to sustain both the general verdict and the answer given to the special interrogatory.

Almost all, if not all, the rulings of the court objected to refer to evidence which might have been important as affecting the amount of damages to be awarded appellant, had there been a contract of marriage proved. As there was in fact no contract of marriage, any ruling of the court bearing upon the question of damages must be harmless. We do not find, moreover, that there was any error as to the admission or exclusion of such evidence. On the contrary, we think that the case in this, as in other respects, and with all its very earnest contentions on each side, was carefully tried by the court.

Much is said as to evidence admitted and excluded under the fourth paragraph of the answer. This paragraph had called in question the good character of the life led by appellant before the time of the alleged con-

tract of marriage; the paragraph of answer was afterwards withdrawn, and appellee asked also to withdraw the depositions filed in support of said paragraph, which request was refused by the court. The court allowed the paragraph and also evidence offered under it to be read to the jury over the objections of appellee. We think the evidence so allowed was proper as going to the question of damages, had there been a contract of marriage between the parties and a judgment for damages rendered in favor of appellant for breach of the contract. The rulings, as a whole, in this matter were favorable to appellant; and she has no cause to complain of them.

Appellant's motion to tax costs was sustained in part and overruled in part; and was as favorable to appellant as she could rightfully ask. The affidavits and counter-affidavits filed show that appellee's witnesses were retained only so long as necessary for his legitimate defense.

The case, as we believe, was fairly tried.

Judgment affirmed.