### THE CHICAGO AND ERIE RAILROAD COMPANY *v.* WAGNER, ADMINISTRATOR.

[No. 1,880.    Filed Nov. 5, 1896.    Rehearing denied Feb. 3, 1897.]

MASTER AND SERVANT.—*Knowledge of Danger.—Assumption of Risk.*—It is the duty of the master to furnish reasonably safe places in which, and appliances with which the servants are to work, and to exercise the same care to keep them in such condition.    The servant assumes all risks ordinarialy incident to the work in which he engages, but he does not assume the hazards occasioned by the master's negligent breach of duty, unless with knowledge thereof he continues in the master's service.    *p. 23.*

PLEADING.—*Complaint.— Sufficiency of in Action for Damages.— Negligence.*—In an action against a railroad company to recover for the death of plaintiff's decedent the general averments of negligence, or want of contributory negligence or knowledge of dangerous defects, will be deemed sufficient as against a demurrer, unless the facts specifically stated clearly show the contrary; the general averment of knowledge or want of knowledge includes both actual and imputed knowledge.    *p. 24.*

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—A statement in the bill of exceptions that "the following is the original longhand manuscript as the same was made and filed," sufficiently shows that such manuscript was filed before it was incorporated in the bill of exceptions.    *pp. 25, 26.*

MASTER AND SERVANT.—*Assumption of Risk.*—A railroad brakeman, although without experience, assumes the dangers incident to coupling gravel cars constructed in such manner that by reason of aprons or an extension of the floor of the car at each end only about an inch of space was left between the cars when shoved together, when such aprons were in plain view of the brakeman and he had abundant time and opportunity to see them and had his attention called to them by the conductor and to the necessity of keeping from between them.    *pp. 26, 27.*

EVIDENCE.—*Assumption of Risk.—Burden of Proof.*—In an action for the death of an employe the burden is on plaintiff to show that decedent did not assume the risk of the danger.    *p. 27.*

From the Huntington Circuit Court.    *Reversed.*

*W. O. Johnson, J. B. Kenner,* and *U. S. Lesh,* for appellant:

*J. Fred France* and *Z. T. Dungan,* for appellee.

GAVIN, J.—Appellee sued to recover for the death of his decedent, appellant's servant, who lost his life through its negligence.

It is charged in the complaint that the decedent was, when employed by appellant, without experience or training as a brakeman, of which fact appellant was informed; that appellant operated a gravel train, the cars of which were provided with aprons at each end consisting of a plank platform, being really an extension of the floor of the car, by means of which, when the cars were coupled, there was formed a continuous floor without any open space between the cars; that these aprons ought to have been and were usually put on with hinges so that they could be folded back, thus leaving the space between the cars open; but appellant's cars were negligently and carelessly constructed without any hinges for the aprons, which were thereby fixed and fast to the end of the car, thus making them unsafe and dangerous, as appellant knew, but that decedent was ignorant of the unsafe and dangerous construction of such cars; that without any notice of their character, and without any instruction from appellant as to how such cars should be coupled, he, without fault or negligence, undertook to make a coupling of such cars and was caught by the aprons, and crushed to death.

The correlative rights and duties of master and servant are considered and authorities cited in *Pennsylvania Co.* v. *Witte,* 15 Ind. App. 583; *Louisville, etc., R. W. Co.* v. *Quinn,* 14 Ind. App. 554.

We do not deem it necessary to again review them.

It is well settled that it is the duty of the master to exercise reasonable care to furnish reasonably safe places in which, and appliances, with which the servants are to work, and to exercise the same care to keep them in such condition. It is also true that the

servant assumes all the risks ordinarily incident to the work in which he engages, but the servant does not assume the hazards occasioned by the master's negligent breach of his duty, unless, with knowledge thereof, he continues in the master's service, when, as a general rule (subject to some exceptions with which we have not now to deal), the servant is in Indiana held to assume these added hazards.

In actions such as this the general averments of negligence, or want of contributory negligence, or knowledge of dangerous defects, will be deemed sufficient as against a demurrer, unless the facts specifically stated clearly show the contrary. *Evansville, etc., R. R. Co.* v. *Malott*, 13 Ind. App. 289; *Eureka, etc., Co.* v. *Bridgewater*, 13 Ind. App. 333.

The general averment of knowledge or want of knowledge includes both actual and imputed knowledge. *Pennsylvania R. R. Co.* v. *Witte, supra.*

It is urged by counsel that the facts set forth show that the deceased must have known the condition of these cars, because it was open and obvious. It is sufficient answer to this to say that for aught that appears, this coupling may have been undertaken in the dark, or in such a storm, or under such circumstances requiring haste and speed, as that he may not have had the opportunity to learn their character. The specific facts are not sufficient to overthrow the general allegations.

When we take up the consideration of the questions presented by the motion for a new trial, we are confronted with the contention of counsel for appellee that the evidence is not in the record, because it does not appear that the reporter's manuscript, which is embodied in the transcript without copying, was filed with the clerk, before it was incorporated in the bill of exceptions.

In *Hull* v. *Louth, Gdn.*, 109 Ind. 315, the Supreme

Court held it to be sufficient compliance with the statute that the evidence should be filed with and as a part of the bill of exceptions.

In *Holt* v. *Rockhill*, 143 Ind. 530, however, that court stated: "A strict compliance with the statute, therefore, requires that such longhand manuscript be filed in the clerk's office before it is incorporated in the bill of exceptions, and that fact must be shown in the transcript in the bill of exceptions or in some other appropriate way." Whether or not, however, this strict construction should be given, and the statute enforced as mandatory, the court did not absolutely decide. In *DeHart* v. *Board, etc.*, 143 Ind. 363, that court did, however, authoritatively declare the rule to be as intimated in the decision first quoted. Saying: "There is nothing to show that the longhand manuscript was ever filed in the clerk's office before it was incorporated in the bill of exceptions. This, the statute requires to be done. Section 1476, Burns' R. S. 1894 (1410, R. S. 1881)."

These cases are followed and approved in *Smith* v. *State*, 145 Ind. 176, and *Hull* v. *Louth, Gdn., supra,* is there declared to have been overruled by them. The court announcing that "it is the rule, as required by said statute, and as firmly fixed by the decisions of this court, that the longhand manuscript copy of the evidence, as taken down by the shorthand reporter, shall be filed in the clerk's office before it is incorporated in the bill of exceptions."

The rule established by these cases is reaffirmed in *Indiana, etc., R. R. Co.* v. *Lynch*, 145 Ind. 1; *Beatty* v. *Miller*, 146 Ind. 231; *Thrash* v. *Starbuck*, 145 Ind. 673.

In this case, the bill of exceptions certifies, upon its first page, that the evidence, rulings, etc., were duly taken down by the official reporter, "of which

evidence, rulings, objections and exceptions so made and taken, the following is the original longhand manuscript as the same was made and filed."

In *Holl* v. *Rockhill, supra,* it will be observed that the court expressly recognizes the bill of exceptions as one of the appropriate sources from which this court may learn that the manuscript was filed before it was incorporated in the bill of exceptions. This fact is, by the bill in this case, satisfactorily established.

From the evidence it appears that the deceased had been in appellant's employ as an extra brakeman for several months, that the conductors under whom he worked had reported him to be awkward, clumsy and careless, and not able to think and act quick enough to make a competent brakeman, and refused to take him out with them; that for this reason the trainmaster, desiring to furnish him employment, directed him to report to Mr. Firman, the foreman in charge of work in a cut, and he would set him to work. The trainmaster, after conferring with Firman, directed him to transfer a switchman to the work of braking and to give deceased his place. On the next day, deceased went out to the cut and reported to the conductor of the train, who set him to braking, supposing that was what he was sent for. The conductor testifies that while he was fixing a brake upon a car which was then coupled to another, he called deceased's attention to the aprons and told him he must keep away from between them and must stoop down under and use a stick to make a coupling. The day was clear and bright. About eight o'clock in the morning deceased undertook to make his first coupling and was caught by the aprons while standing between the cars and was crushed to death. The cars were eight or ten feet, or a car length apart when he

Chicago and Erie Railroad Company *v.* Wagner, Admr.

gave the signal to shove them together. There was nothing to require unusual haste, there was no unusual speed of the approaching car and nothing to detract his attention from his work, so far as the evidence discloses. The aprons projected on each car about twelve inches, leaving only an inch between them, when the cars were shoved up together. The apron extended across the full width of the car and beyond and over the pin which held the link in place. When he raised the pin he could not help but see the apron, if he looked at all. So far as appears there was nothing whatever to prevent his seeing the apron upon the coming car.

The evidence is absolutely without contradiction that these aprons were in plain view, clearly to be seen; that he had abundant opportunity to see them, and that his attention was expressly directed to them and to the necessity of keeping out from between them. The averment that he was ignorant of the character of the cars is, therefore, necessarily, wholly unproved.

In our State the burden is upon the plaintiff to show, in such actions as this, that he did not assume the risk of the danger. Knowledge of the danger or the existence of such facts as that by the exercise of reasonable care he might have known thereof, ordinarily, constitutes an assumption of the risk. *Louisville, etc., R. W. Co.* v. *Quinn, supra,* and authorities there cited.

As we said in *Pennsylvania Co.* v. *Witte, supra,* assumption of the risk is an independent element or factor, the nonexistence of which must be specifically denied in the complaint and satisfactorily proved upon the trial, and "although the servant may not have actual knowledge of the existence of the dangerous defect, if the defect is open and obvious, so that

in the exercise of reasonable care in the discharge of his duties he ought to have known it, then he will be deemed to have known that which he should have learned. *Muncie Pulp Co.* v. *Jones*, 11 Ind. App. 110; *Lynch* v. *Chicago, etc., R. R. Co.*, 8 Ind. App. 516.

We have endeavored to give to this case that attention and consideration asked for by the earnest appeals of counsel, but are compelled to conclude that the appellee failed to establish this essential element of his case.

Judgment reversed, with instructions to sustain the motion for a new trial.

### ON PETITION FOR REHEARING.

HENLEY, J.—Counsel for appellee contend that a rehearing should be granted in this case and earnestly insist that the evidence is not in the record. We have carefully examined the record and find therefrom that the longhand transcript of the evidence was first filed in the clerk's office, that the same was certified as correct by the trial court, and that afterwards the bill of exceptions, containing the longhand transcript, was filed with the clerk. This is a compliance with the rule as established by the Supreme Court and followed by this court. We find no cause, upon examination of the evidence to in any way change the decision of the court heretofore announced upon this appeal.

A rehearing is denied.