German-American Insurance Company *v.* Sanders.

---

GERMAN-AMERICAN INSURANCE COMPANY *v.* SANDERS.

[No. 1,848.    Filed February 26, 1897.]

INSURANCE.—*Transfer of Policy.—When Transfer in Writing May be Waived.*—Where a fire insurance policy provides that the consent of the company to transfer same must be endorsed on the policy such provision must be complied with unless waived, either expressly or by implication. *pp. 137, 138.*

SAME.—*Transfer of Policy.—Equitable Assignment.*—A complaint in an action on a fire insurance policy which alleges that at the time of the conveyance of the real estate on which the insured buildings were situated, the insurance company was notified thereof and consented and agreed that the policy of insurance should become payable to the grantee in case of loss ; that it agreed to endorse the fact of said transfer in writing upon the policy, but that it neglected and failed to do so ; and that the company then agreed that it would waive the endorsement on said policy, and that it should be valid, and payable to said grantee, states facts sufficient to show an equitable assignment of the policy to the grantee of the real estate. *pp. 138, 139.*

SAME.—*Assignment of Policy.—Waiver Of.*—Where an insurance company accepts the premium for unearned insurance on a fire policy, with knowledge that the real estate on which the insured buildings are situated has been conveyed, and having consented at the time of the conveyance that the loss, if any, should be payable to the grantee, the provision in such policy that the consent to the transfer must be in writing, endorsed on the policy, is thereby waived. *pp. 139, 140.*

APPEAL AND ERROR.— *Bill of Exceptions.—Material Evidence Omitted From Record.*—Where the record shows that material evidence introduced by the appellee is not embodied therein, a statement in the bill of exceptions that "This was all the evidence given in said cause," will not prevail, and questions arising upon the evidence will not be considered. *p. 140.*

SAME.—*Record.—Longhand Manuscript.—How Incorporated in Bill of Exceptions.*—It must affirmatively appear from the record that the longhand manuscript of the evidence was filed in the clerk's office before it was embodied in the bill of exceptions, and signed by the judge. *pp. 140, 141.*

German-American Insurance Company v. Sanders.

From Knox Circuit Court.  *Affirmed.*

*Smiley N. Chambers, Samuel O. Pickens* and *Charles W. Moores,* for appellant.

*W. A. Cullop, C. B. Kessinger, George G. Reily* and *J. W. Emison,* for appellee.

COMSTOCK, C. J.—This is an action brought by the appellee against the appellant and Ida Dennison and Willis Robison upon a policy of fire insurance issued by appellant, whereby it insured the appellee, James Sanders, upon his dwelling house, upon certain real estate located in Knox county, Indiana.

The complaint avers, in substance, that in October, 1891, the plaintiff insured his dwelling house against loss from fire, from the 7th day of October, 1891, to the 7th day of October, 1894. The policy is made a part of the complaint.  In March, 1893, plaintiff conveyed by warranty deed the real estate upon which the dwelling house was situate to Willis Robison, and notified the defendant company of said conveyance, to which it consented, and agreed that said policy should become payable in case of loss during the ownership by said Robison of said property, to him. The defendant company then and there agreed to endorse said fact of said transfer to the person to whom the same had become payable, in writing upon said policy.  It neglected wholly to endorse the same on said policy.  That said endorsement was not part of said policy was not the fault of plaintiff or said Robison, but wholly the fault or negligence of defendant company; that defendant company then and there informed plaintiff and said Robison that it would waive the endorsement of the same in writing thereon, and that said policy should be valid and payable to said Robison; that at the time of the fire said Robison owned the property and immediately made his proof

of.loss in writing to said company., as required by the terms of the policy; but that defendant refused to adjust, settle or pay the same; that afterwards on the ———— day of ———— said Robison assigned all his interest in said policy, in writing, to the plaintiff; that at the time of the conveyance by him to Robinson, the note for premium on said insurance policy was due the defendant, and that after said conveyance, and with full knowledge of said transfer, the defendant collected said note from the plaintiff and surrendered it to him; that at the time of insurance, Ida Dennison held a mortgage on the property, which is still unpaid, and it was endorsed on the policy that the loss, if any, was payable to the mortgagee.

The policy contained the following, among other provisions: "If any change takes place in the title or possession of the property  *  *  *  or if the policy before loss be assigned without the consent of the company, endorsed thereon  *  *  *  this policy shall be void.  It is further expressly covenanted by the parties hereto that no officer, agent or representative of this company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be endorsed thereon in writing."

Appellant assigns as errors the overruling of the demurrer to the complaint, the overruling of appellant's motion for a new trial, and the overruling of appellant's motion in arrest of judgment.

The first objection made to the complaint is that it does not aver any transfer of the policy by James Sanders to Willis Robison.  Appellant claims that this averment is essential to entitle the plaintiff to recover; that.when he conveyed the property to Robison he ceased to have any interest in it, and by the terms of the policy it became void, unless the policy was assigned to the purchaser, and the consent of the

company to such assignment was had by endorsement in writing upon the same.

*New* v. *German Ins. Co.*, 5 Ind. App. 82, is cited in which the court uses the following language: "Insurance policies are contracts of indemnity and are essentially personal in their nature. They relate to the insured rather than to the subject-matter of insurance and at common law were non-assignable.   *   *   * An insured must have an interest in the subject of insurance or the policy will be held a wager contract, and void as against public policy. Having obtained valid insurance if the interest of the policyholder ceases in the property covered, the policy at once becomes inoperative. There is then no possibility of a loss, consequently no basis for indemnity. The contract being one of indemnity and personal to the insured, it follows that any assignment by him with a transfer of the title to the property transfers no right in the insurance to the assignee, without the consent of the insurer."

This is only one expression of many to the same effect to be found in the authorities.

We agree with counsel that there must be a transfer or assignment of the interest of the insured to the purchaser with the consent of the insurer, thus creating a new contract; and, in addition, where the policy so provides, the consent to the transfer must be in writing endorsed on the policy.

It may be admitted, too, that it has been decided that an assignment proper is a transfer by writing, yet, a transfer need not be in writing. In the absence of a formal transfer in writing which is not necessary, there are many other facts and circumstances which courts will recognize as an assignment. "Delivery is not essential." 2 May on Ins. (3d ed.), 394 and 395.

It must, however, be conceded that stipulations as to the manner in which the consent may be given can be waived, either expressly or by implication. In *Moffitt* v. *Phenix Ins. Co.*, 11 Ind. App. 233, it is so held.

In *Burnham, etc., Co.* v. *Insurance Co.*, 63 Mo. App. 85, the court says: "Notwithstanding there is serious conflict in the decided cases, a large preponderance of authority will be found in favor of the proposition that, even though the policy may require the assent to further insurance, to be evidenced by writing, and though there shall be further provision that such a condition shall only be waived in writing, or indorsed on the policy, yet such conditions can be dispensed with by the company, or its agents by oral consent, as well as by such writing indorsed on the policy."

There is not, in words, a direct averment in the complaint that the policy was assigned by Sanders to Robison, but it is averred that the defendant was notified of the sale and conveyance of the property insured, and that it consented to and agreed that said policy should become payable to Robison in case of loss while he was the owner thereof; that it agreed to endorse the fact of said transfer to the person to whom the same had become payable in writing upon said policy, but that it neglected and failed to do so; that it waived the endorsement of the same in writing; that the failure to have said endorsement on the policy was not the fault of the plaintiff or Robison, but wholly the fault of the defendant; that the company then and there informed plaintiff and Robinson that it would waive the endorsement on said policy and that it should be valid and payable to Robinson.

The averment that these conditions were waived (not as under some circumstances they may be by silence) is that they were waived by the defendant

company so that the power of an agent, or any particular officer, is not in question.

From these averments, from the fact that plaintiff notified the defendant of the transfer, that thereupon appellant agreed with plaintiff and Robinson to pay any loss to the grantee that might occur while he owned the property, there can be but the one reasonable inference, viz.: that the transfer of the policy entered into the conveyance of the real estate. These averments are sufficient, in our opinion, to show, as between the parties to this action, an equitable assignment of the policy by appellee to Robison and the making of a new contract between the insurance company and Robison.

"It is well settled that a contract of insurance may be made and assigned in parol." *Moffitt* v. *Phenix Ins. Co.*, 11 Ind. App. 237; *Com., etc., Assur. Co.* v. *State, ex rel.*, 113 Ind. 331.

It is further averred in the complaint, that at the time of said conveyance the premium note on said insurance policy was due the defendant, and that after said conveyance had been made, with the full knowledge of the same, the defendant collected said note from the plaintiff.

Under the policy, the insurance was to continue for three years, from the 7th of October, 1891, to the 7th of October, 1894, and, for the purposes of this demurrer, it is admitted that the defendant received the premium for the unearned insurance on the policy which, by its terms, it had the right to cancel on notice to that effect, and refunding, or offering to refund, a ratable proportion of the premium for the unexpired term. The appellee was the owner of the property at the time it was insured. Robinson, grantee, was the owner when it was destroyed by fire. At said respective dates each had an insurable in-

terest. The appellant, with knowledge that the title in the property had passed to Robinson, received the premium for unearned insurance and agreed to pay him any loss that might occur by fire while he was owner.

A full and complete consideration for the protection from fire had been paid for a definite term of years, the loss having occurred within that period, every presumption will be indulged that the insurer intended, in accepting its premium, to assume the burden of indemnity.

Appellee claims that the evidence is not properly in the record. An examination of the record discloses the fact that material evidence introduced by the appellee is not in the record. In view of this fact, the statement in the bill of exceptions, that "This was all the evidence given in said cause," will not prevail, and questions arising upon the evidence will not be considered. *Board, etc.,* v. *Wagner, Admr.,* 138 Ind. 609.

This is not to be announced as a universal rule, because there are many cases when it would be useless to set forth the entire evidence. All that is needed to fully inform the court of the character of the ruling is the record of the issues and the statement of the evidence offered, and a description of the time and manner in which the offer was made. *Johnson* v. *Wiley,* 74 Ind. 233.

But for another reason than the omission of the material evidence, under numerous decisions of the Supreme Court of this State, the evidence is not properly in the record. The evidence was taken in shorthand, and it is sought to certify the longhand manuscript of the evidence to the court under section 1 of an act approved March 7, 1873 (Acts 1873, p. 194). It is the law of this State that under said act the longhand copy of the evidence must be filed in the clerk's

office before it is embodied in the bill of exceptions and signed by the judge, and this fact must be affirmatively shown by the record.

It appears, in this cause, that the longhand copy of the evidence and the bill of exceptions were filed in the clerk's office at the same time. We cite from *Joseph* v. *Wild*, 146 Ind. 249, the following, which is in point and which refers to a number of comparatively recent decisions in this State:

"We cannot consider any question raised by the motion for a new trial for the reason that the evidence is not properly in the record.

"The evidence in the cause was taken down by a shorthand reporter, and it is sought to certify the longhand manuscript of the evidence to this court under section 1 of an act approved March 7, 1873 (Acts 1873, p. 194). The record shows that the bill of exceptions was signed by the trial judge on October 23, 1895, and the record does not show that the longhand copy of the evidence was filed in the clerk's office before the bill of exceptions containing the same was signed by the judge.

"It is settled law in this State that under said act of 1873 the longhand copy of the evidence must be filed in the clerk's office before it is embodied in the bill of exceptions and signed by the judge, and this fact must be affirmatively shown by the record. *Carlson* v. *State*, 145 Ind. 650; *Rogers* v. *Eich*, 146 Ind. 235; *Manley* v. *Felty*, 146 Ind. 194; *DeHart* v. *Board, etc.*, 143 Ind. 363; *Smith* v. *State*, 145 Ind. 176; *Beatty* v. *Miller*, 146 Ind. 231; *Hamrick* v. *Loring* (Ind. Sup.), 45 N. E. 107."

There are other objections made by appellee to the record, but in view of the conclusion reached, it is not necessary to pass upon them.

Judgment affirmed.