## Citizens' Street Railroad Company et al.
### *v.* Sutton.

[No. 17,655.  Filed March 9, 1897.  Rehearing denied June 9, 1897.]

Complaint.—*Contributory Negligence.—Necessary Negative Aver-ments.*—In an action for personal injuries based upon the negligence of defendant, an allegation in the complaint that such injuries were sustained without any fault or negligence of defendant sufficiently negatives contributory negligence on the part of plaintiff, unless it clearly appears from the facts specifically alleged that plaintiff was guilty of negligence which contributed to his injury.  *p. 173.*

Same.—*Contributory Negligence.—Knowledge of Danger.*—Averments in a complaint for personal injury, based upon the negligence of defendant, which show that plaintiff had some knowledge of danger, while important as tending to prove contributory negligence, will

Citizens' Street Railroad Company *et al. v.* Sutton.

not so negative a direct averment therein that he was without fault as to preclude a recovery. *pp. 173, 174.*

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript of Evidence.—How Made Part of Record.*—It must affirmatively appear from the record that the longhand manuscript of the evidence was filed in the clerk's office before being incorporated in the bill of exceptions. *pp. 174–177.*

From the Marion Superior Court. *Affirmed.*

*W. H. H. Miller, John B. Elam, Mason & Latta, J. E. Scott* and *J. B. Curtis,* for appellants.

*Daniel W. Howe* and *Miller & Barnett,* for appellee.

JORDAN, C. J.—Appellee instituted this action against the appellants, the Citizens' Street Railroad Company and the city of Indinapolis, and recovered a judgment in the lower court for injuries sustained by him on one of the public streets of the city by reason of the alleged negligence of the appellants. The errors assigned are based upon the action of the lower court in overruling separate demurrers of appellants to the complaint, and in denying their separate motions for a new trial. The complaint after setting out several ordinances adopted by the city of Indianapolis, which provide in detail as to the manner of laying and maintaining street railroad tracks, and also requiring that the space between such tracks, and also to an extent two feet outside of each rail, shall conform to the grade of the street, and further providing that the company operating the railroad shall be liable for damages resulting from its negligence, etc., proceeds to charge that appellant, the street railroad company, under the laws of this State and the ordinances set out, operated and maintained upon South Meridian street of the city of Indianapolis, a street railroad track in the center of said street; that by the running of the cars of the said railroad company drawn by mules

over and along said street, two deep ruts, in depth from eight to ten inches, had been worn in the space between the rails of said track and were separated by a high ridge of dirt in the middle of said space, and that neither the latter space nor the space to the extent of two feet outside of the rails and adjoining the same, conformed to the grade of the street; that from the condition of said tracks the street was rendered very unsafe and dangerous for travelers thereon in wagons and other vehicles to cross said tracks. It is further averred that the track on the street at the time of the accident of which plaintiff complains, and for six months prior thereto, was, and had been in said unsafe and dangerous condition, and that its said condition could easily have been discovered by the officers of said city having the supervision of its streets, and by said Citizens' Street Railroad Company, and was in fact well known to both of the defendants, but that each of them, nevertheless, wrongfully and negligently failed and refused to fill up said ruts or make the space between the rails of the track conform to the grade of said street. The complaint continuing charges as follows: "That on September 8, 1892, the plaintiff, who then resided a few miles distant from the city of Indianapolis, after having transacted the business in which he had been engaged in said city, was returning home, and his most direct and convenient route home, was by way of said South Meridian street along the east side of which he was driving in a two-horse wagon; that shortly before he reached the point where he received the injuries hereinafter mentioned, he discovered that a short distance ahead of him the space between said railroad track and the east side of said street was so blockaded by some building materials that he could not drive past the same on that side of the street; neither was the space between

said track and the east side of said street wide enough
to permit him to turn round and go back; and further-
more, the deep ruts hereinbefore mentioned and the
unsafe and dangerous condition of said tracks ex-
tended for fully one-half mile north and south of the
point where he then was; so that it became necessary
for plaintiff to cross the tracks of said defendant, the
Citizens' Street Railroad Company, at that point,
which was about one square south of the intersection
of said South Meridian and Morris streets; that he then
and there attempted to drive across said track, look-
ing and driving as carefully as he could, but in making
said attempt, and without any fault or negligence
whatever on his part, and solely by reason of the neg-
ligence of the defendants as aforesaid, the front
wheels of his wagon dropped suddenly into said ruts
and so caused him to lose his balance, whereby he
fell from his wagon upon the ground, striking the
same with great violence, thereby causing a com-
pound fracture of the femur of his right leg, breaking
the bones of his right knee and destroying the joint
thereof, fracturing the skull, breaking the bones of his
face, and greatly maiming and bruising other parts of
his body and injuring his head, spine and spinal col-
umn."

Near the close is a general allegation as follows:
"That all of said injuries were caused by the negli-
gence of the defendants as aforesaid, and without any
fault or negligence on his (plaintiff's) part." Counsel
for appellant insist that the complaint is insufficient
for the reason that it appears from its allegations that
appellee had knowledge of all the dangers of the sit-
uation which confronted him, and that the absence of
contributory negligence upon his part at the time of
the alleged injury does not sufficiently appear.

Their contention seems to be that the specific aver-

ments of the pleading affirmatively disclose that the appellee knew of the dangerous condition of the street at the time the accident occurred, and that this must be deemed to raise a conclusive presumption of contributory negligence on his part. But in this contention counsel are clearly mistaken. In addition to the general averment of the absence of fault, or negligence on the part of appellee, the complaint specifically avers that while attempting to drive across the track of the street railroad he "was looking and driving as carefully as he could, but in making said attempt and without any fault or negligence whatever on his part, and solely by reason of the negligence of the defendants as aforesaid, etc.," the accident resulted by which he was injured. As a rule of pleading, in actions of this character, where the complaint alleges that the injury of which the plaintiff complains was sustained without any fault or negligence on his part, the complaint will be adjudged sufficient in this respect, unless it clearly appears from the facts specifically alleged that the plaintiff was guilty of negligence which contributed to his injury. The decisions of this court which affirm this rule are numerous. *Town of Albion* v. *Hetrick,* 90 Ind. 545; *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196; *City of Elkhart* v. *Witman,* 122 Ind. 538; *Board, etc.,* v. *Creviston,* 133 Ind. 39.

It is true that the complaint charges that the unsafe and dangerous condition of the track on the street in question "could easily have been discovered by the officers of said city having the supervision of its streets, and by said Citizens' Street Railroad Company." But in the face of the direct averment that appellee was without fault on his part, it cannot be reasonably inferred that he had knowledge of the dangerous condition of the street, and thereby contributory negligence must be imputed to him. At the most,

it could only be inferred from these facts that he knew, or might have known, of the defective condition of the street, but not of its unsafe or dangerous condition. Conceding, however, that it might be said that he had knowledge of the ruts in controversy, such knowledge alone would not be conclusive of his contributory negligence. While it would be important as tending to prove such negligence, it would not of itself be sufficient to establish that fact. Neither can it be asserted as a legal rule, in all cases, that knowledge alone that there is some danger will preclude a recovery. *Nave* v. *Flack*, 90 Ind. 205; *City of Richmond* v. *Mulholland*, 116 Ind. 173; *City of Elkhart* v. *Whitman, supra; Town of Poseyville* v. *Lewis*, 126 Ind. 80; Elliott, Roads and Streets, 470, and authorities cited under note 2. We are of the opinion that the complaint is not open to the objections urged.

The questions which apellants seek to present, relating to the sufficiency of the evidence and the rulings of the court upon admitting and excluding evidence, and upon instructions given and refused, cannot be reviewed in this appeal, for the reason that these questions depend upon the evidence, and this is not properly before us. The record discloses that the bill of exceptions was signed and filed on April 2, 1894, and the clerk certifies that the longhand manuscript of the verbatim report of the evidence was filed in his office on the 2d day of April, 1894, but it does not affirmatively appear from the certificate of the clerk or otherwise from the record, that the filing of this manuscript of the evidence occurred prior to its being incorporated into the bill of exceptions. The statute authorizing the longhand manuscript of the shorthand report of the evidence, given upon a trial of a cause, to be certified to this court upon appeal, requires the party desiring to avail himself of this statutory right

to file the same with the clerk before it is incorporated into a bill of exceptions. This duty, under the statute, rests upon the party who seeks by this method to have the evidence certified to this court, hence no presumptions or inferences on this question can be indulged in his favor; but it must affirmatively appear that he has complied with the requirement of the statute by first filing the manuscript with the clerk of the lower court before it was incorporated into the bill of exceptions, otherwise it cannot be regarded as properly in the record. This interpretation of the statute has been settled by repeated decisions of this court. *DeHart* v. *Board, etc.*, 143 Ind. 363; *Hamrick* v. *Loring*, 147 Ind. 229; *Manley* v. *Felty*, 146 Ind. 194; *Rogers* v. *Eich*, 146 Ind. 235.

There is no available error presented, and the judgment is affirmed.

## On Petition for Rehearing.

JORDAN, J.—The only reason urged by appellants for a hearing in this cause is that the court erred in holding that the longhand manuscript of the evidence was not properly a part of the record. It is insisted that by reason of the fact that the longhand report of the evidence and the bill of exceptions into which it is purported to be incorporated were both filed on the same day, that we should infer or presume that the filing of this manuscript must necessarily have preceded the signing of the bill of exceptions by the trial court. But the duty of filing the original manuscript of the evidence in such cases, with the clerk of the lower court is, as we held, under the express provision of the statute then in force required to be performed by the party who is intending to have it incorporated into a bill of exceptions and certified to this court

upon appeal of the cause, instead of a transcript thereof. Acts 1873, p. 194, section 1476, Burns' R. S. 1894 (1410, R. S. 1881). Under the requirements of the law it is evident, we think, as held in the original opinion, that it is incumbent upon the party seeking to avail himself of having the evidence certified to this court, under the provision of this statute, to affirmatively disclose by the record that he first filed the manuscript with the clerk before it was incorporated into the bill of exceptions, and that in the absence of such affirmative showing, we are precluded from indulging in any presumptions or inferences in his favor upon this question. The statute, we think, intended to make the filing of the longhand manuscript of the evidence "by the party entitled to the use of the same," a condition precedent to its being incorporated into a bill of exceptions. The only proof that the court has that this required condition has been performed by the party, is that established by the record or certificate of the clerk. It is also insisted that when the bill of exceptions in the case at bar was made up, the sole expression upon the point involved, was what was asserted in *Hull* v. *Louth,* 109 Ind. 315, and that nothing had been held to the contrary, until the decisions of *Holt* v. *Rockhill,* 143 Ind. 530; *DeHart* v. *Board, etc..* 143 Ind. 363.

In this insistence, however, counsel are mistaken. In the appeal of *Mason* v. *Brody,* 135 Ind. 582, decided several months before the record in the cause now under consideration was made, this court expressly denied the rule affirmed upon this point in *Hull* v. *Louth, supra,* by holding that "the shorthand reporter's manuscript of the evidence could not be incorporated in the bill of exceptions until after it had been first filed in the office of the clerk of the court in which the cause was tried."

In *Smith* v. *State*, 145 Ind. 176, it was expressly declared that the holding in the Hull case upon this point was overruled by the former decisions.

Petition overruled.