SEISS · v. THE CLEVELAND, CINCINNATI, CHICAGO AND
ST. LOUIS RAILWAY COMPANY.

[No. 2,277.    Filed October 15, 1897.    Motion to vacate decision denied
November 17, 1897.]

From the Elkhart Circuit Court. *Affirmed.*

*Henry C. Dodge* and *Vernon W. Van Fleet,* for appellant.

*F. E. Baker, C. W. Miller, J. T. Dye, C. E. Cowgill, B. K. Elliott*
and *W. F. Elliott,* for appellee.

COMSTOCK, J.—Suit by appellant against appellee for damages to
his property at a grade crossing of appellee's railroad at the city of
Elkhart. Judgment below for costs in favor of appellee. At the
conclusion of appellant's evidence, the court, on motion of appellee,
instructed the jury to return a verdict in its favor. The correctness
of this ruling is the controlling question presented in this appeal.

The instruction of the court was based upon the fact that the ap-
pellant had not shown by affirmative evidence that his servant who
was in charge of the property injured, was free from fault contribu-
ting to the accident. It is conceded by counsel for appellant that
the questions discussed cannot be determined without an examina-
tion of the evidence, and that, if it is not properly in the record the
judgment of the court must be affirmed.

Counsel for appellee, in the oral argument of this cause, have ear-
nestly contended that the evidence is not properly·in the record for
the reason that it does not appear therefrom that the longhand man-
uscript of the shorthand report thereof was filed in the clerk's office
before it was incorporated in the bill of exceptions.

An examination of the record discloses that the evidence was taken
down by an official reporter, and an attempt has been made to certify

the original longhand manuscript to this court under section 1 of an act approved March 7th, 1873, Acts 1873, p. 194.

An examination of the record sustains the claim of appellee. It does not affirmatively appear that the filing of the manuscript of the evidence occurred before it was incorporated in the bill of exceptions. Nor does it appear from the record that after the bill was signed by the trial judge that it was filed in the office of the clerk. It is not, therefore, properly in the record.

Under a number of decisions of the Supreme and this court, it has been held that the longhand manuscript must be filed with the clerk before it is embodied in the bill of exceptions.

We must, therefore, under the following decisions, hold that the evidence is not properly in the record: *Carlson* v. *State,* 145 Ind. 650; *Manley* v. *Felty,* 146 Ind. 194; *DeHart* v. *Board, etc.,* 143 Ind. 363; *Beatty* v. *Miller,* 146 Ind. 231; *Hamrick, Tr.,* v. *Loring,* 147 Ind. 229; *Citizens' St. R. R. Co.* v. *Sutton,* 148 Ind. 169; *Kelso* v. *Kelso,* 16 Ind. App. 615.

Judgment affirmed.