Filed October 10, 1895.

---

No. 17,660.

## Citizens Street Railroad Co. *v.* Haugh.

Superior Court.—*Appeal from General to Special Term Abolished.*
—*Constitutional Law.*—A statute abolishing appeals from the special to the general terms of the superior courts which were created by statute, and making proper provision for pending cases, is not unconstitutional.

Statute.—*Clerical Error.*—*Date of Approval of Act*—A clerical error in stating in an amendatory act the date on which the amended act was approved, the title of which is given in full, and the date or approval of which is correctly given in the body of the act, does not render the amendatory act unconstitutional under Const. Art. 4, section 19, requiring every act to embrace but one subject, which shall be expressed in the title.

From the Marion Superior Court.

*Mason & Latta*, for appellant.

*Ayres & Jones*, for appellee.

MONKS, J.—The only question presented in this case is as to the constitutionality of the following act of the general assembly of 1895 :

" An act to amend section 399, and to repeal sections 400 and 401 of an act entitled ' An act concerning proceedings in civil cases,' approved April 7, 1891, and declaring an emergency.

[Approved March 11, 1895].

"Section 1.  Be it enacted by the General Assembly of the State of Indiana, that section 399 of the above entitled act, and being section 1360 of the Revised Statutes of 1881, be amended so as to read as follows :

"Section 399.   In all cases where under existing or future laws of this State in like circumstances, a person has the right of appeal from the circuit to the Supreme or Appellate court, an appeal may be taken direct to the Supreme or Appellate court from any order or judgment of either a special or general term of the superior court, and such appeals shall be governed in all things by the law regulating appeals from the circuit court to the Supreme or Appellate court.   Appeals from the special to the general term are hereby abolished.   In all cases where appeals are now pending [in] the general term of any superior court in this State, any party shall have the right to perfect an appeal from the order or judgment of the special term to the Supreme or Appellate court at any time within ninety (90) days after the passage of this act : *Provided, however,* that this provision shall not be so construed as to reduce the time in which an appeal may be taken to less than one year from the date of the order or judgment appealed from.

"Sec. 2.   Sections 400 and 401 of the above amended act, and being sections No[s]. 1361 and 1362 of the Revised Statutes of 1881, are hereby repealed.

"Sec. 3. An emergency is hereby declared to exist for the immediate taking effect of this act, and the same shall be in force from and after its passage." Acts 1895, p. 256.

If said act is constitutional, this case is to be affirmed, if not, it is to be reversed.

The first objection urged is that no act bearing the title "An Act concerning proceedings in civil cases" was ever passed by the Legislature of 1891, and for that reason alone the act to be amended is not identified as required by the constitution.

Section 19 of article 4 of the constitution provides that "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title." Section 115, R. S. 1881, section 115, R. S. 1894. Section 21 of the same article provides that "No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length." Section 117, R. S. 1881, section 117, R. S. 1894.

It has been uniformly held by this court, that it was intended by these sections that in an amendment of a section or revision of an act two things were required:

First.   The title of the act to be amended should be referred to by setting it out.

Second.   The act revised or section amended should be set forth and published at full length.

When the act to be amended is identified in the manner required by the constitution, and it is not certain what act was intended to be amended on account of two or more acts having the same title, or for any other cause, then the court will resort to means other than the title to determine what act was intended.

But if the act attempted to be amended is not designated in the manner required by the constitution, the court

cannot resort to other means of identification although such other means would point out the act intended beyond any question. *Feibleman* v. *State, ex rel.*, 98 Ind. 516 ; *Board, etc.*, v. *Smith*, 52 Ind. 420 ; *State, ex rel.*, v. *Harrison*, 67 Ind. 71 ; *Hall* v. *Craig*, 125 Ind. 523 (529) ; *Boring, Aud.*, v. *State, ex rel.*, 141 Ind. 640. Courts are bound to ascertain and give effect to the legislative intention only when expressed as the constitution requires. Neither the courts nor the Legislature can disregard the commands of the constitution.

It is true, as claimed by appellant, that no such act was passed by the Legislature of 1891, but the courts take judicial notice that an act with this title was passed by the Legislature of 1881, and approved April 7, 1881, and that the same was the only act with such a title in force when the act in question was adopted. *Shoemaker* v. *Smith*, 37 Ind. 122 (131).

An examination of the act of 1881 discloses the fact that there are sections 399, 400 and 401, being sections 1360, 1361 and 1362, R. S. 1881, in said act, and that they provide for appeals from a special to the general term of superior courts.

The date of the approval of an act is no part of its title, and an act may be amended without giving or referring to the date of its approval. The constitution does not require that the date of the approval of the amended act be given in the title or body of the amendatory act. *Shoemaker* v. *Smith, supra.*

The act in question fully conforms to all the requirements of sections 19 and 21, of article 4, of the constitution.

The amended and amendatory acts have proper titles as required by said section 19, *supra*. The title of the amendatory act refers to the title of the act amended by setting it out in full, and declares that it is an act to

amend section 399 and repeal sections 400 and 401 of said act, and the section amended is set forth and published at full length.

It is clear, therefore, that the act as well as the sections to be amended and repealed is identified in the manner required by the constitution.

The title and body of the act show beyond question what particular act as well as what sections of said act was intended to be amended and repealed, while the rule is that no law is to be held unconstitutional if it is a doubtful question. To doubt is to resolve in favor of the constitutionality of the law. *Bush* v. *City of Indianapolis*, 120 Ind. 476; *Henderson* v. *State, ex rel.*, 137 Ind. 552 (556) (24 L. R. A. 469).

The date 1891 in the title of the act in question is clearly a clerical error as shown by the title and body of the act when compared with the act amended, and can therefore have no controlling influence in the determination of this case.

It is next urged that "said act is void for the reason that it deprives a co-ordinate branch of the State government of the power of excercising a jurisdiction which the Legislature had previously conferred and which had been assumed by the court."

The superior courts are created by statute and not by the constitution. They have only such jurisdiction as the statute gives. The power that creates them may abolish them or change their jurisdiction, and if the law which abolishes the court or changes its jurisdiction makes proper provision for pending cases by transfer to some other court or commencing a new action so as not to interfere with vested rights or deprive the parties of any remedy, no objection can be made to the same. The act in question makes ample provision for all cases pending on appeal in the general term of the superior

courts, so that no party to such cases was deprived of an appeal from the trial court. What effect, if any, the omission of this provision would have had on the act, we need not and do not determine. The act is clearly constitutional.

Judgment affirmed.

Filed October 10, 1895.