Lingquist *v.* State.

---

## LINGQUIST *v.* THE STATE.

[No. 19,042.   Filed November 28, 1899.]

STATUTES.— *Amendment.— Constitutional Law.— Criminal Law.— Seduction.—Age of Consent.*—The act of 1893 (Acts 1893 p. 22) amending §1917 R. S. 1881 by changing the age of consent from twelve to fourteen years is not in violation of §21, article 4, of the Constitution, providing that no act shall be amended by mere reference to its title, but that the act revised or section amended shall be set forth at full length, as the title of the amendatory act refers to the title of the act to be amended by setting it out in full, and the section as amended is also set forth at full length.   *pp. 542-544.*

TRIAL.—*Misconduct of Counsel.—Criminal Law.*—Where in the trial of a criminal cause, objections were made and sustained by the court to certain remarks made by the prosecuting attorney, and the remarks were withdrawn, and no exceptions were reserved or further steps taken by the defendant, all questions arising out of such misconduct were waived.   *pp. 544, 545.*

From the Huntington Circuit Court.   *Affirmed.*

*James M. Hatfield,* for appellant.

*Wm. L. Taylor,* Attorney-General, *C. C. Hadley* and *Merrill Moores,* for State.

MONKS, J.—Appellant was charged by affidavit and information with the crime of rape upon the person of a female child under the age of fourteen years.   A motion to

quash the affidavit and information was overruled.   On trial by a jury he was found guilty as charged, and over a motion for a new trial, and a motion in arrest of judgment, judgment was rendered against him on the verdict.

The errors assigned call in question the action of the court in overruling the motion to quash the affidavit and information, the motion for a new trial, and the motion in arrest.

Appellant's contention is that the act of 1893 (Acts 1893, p. 22), being §1990 Burns 1894, §1917 Horner 1897, which sought to amend §1917 R. S. 1881 by changing the age of consent from twelve to fourteen years, is in violation of §21 of article 4 of the Constitution, and therefore the court erred in its rulings on the motion to quash and the motion in arrest.

Said section of article 4 of the Constitution reads as follows:   "No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length."

The act in controversy, including the title, reads as follows:   "An act to amend §16 of an Act entitled 'An Act concerning public offenses and their punishment,' in force September 19, 1881, the same being §1917 of the Revised Statutes of Indiana.   Approved February 14, 1893.   §16. Be it enacted by the General Assembly of the State of Indiana, that §16, being §1917 of the Revised Statutes of Indiana, be and the same is hereby amended to read as follows, to wit:   Whoever unlawfully has carnal knowledge of a woman forcibly against her will, or of a female child under fourteen years of age is guilty of rape and upon conviction thereof shall be imprisoned in the state prison not more than twenty-one years nor less than one year."

It is settled by the decisions of this court that, in the revision of an act or the amendment of a section, two things are required:   (1) The title of the act to be amended must be referred to by setting it out; (2) the act as revised, or section as amended, must be set forth, and published at full

length. *Citizens Street R. Co.* v. *Haugh*, 142 Ind. 254, 256; *Shoemaker, Aud.,* v. *Smith*, 37 Ind. 122; *Feibleman* v. *State*, 98 Ind. 516, 521. The title of the amendatory act of 1893 refers to the title of the act to be amended, by setting it out in full, and the section, as amended, is also set forth at full length, thus complying with all the requirements of said §21 of article 4 of the Constitution. Indeed all of the title after the word "punishment" could have been omitted, and the requirements of the Constitution would have been fully complied with, so far as the title was concerned. When the act is identified in the manner required by the Constitution, and it is not certain what act was intended to be amended, the court will resort to means other than the title to determine what act was intended. But if the act is not identified in the manner required by the Constitution, the court cannot resort to other means of identification, although a resort to such other means would point out the act intended beyond any question. *Citizens Street R. Co.* v. *Haugh, supra*, p. 256, 257, and cases cited.

The courts take judicial notice that an act, with the title set forth in the title of the act of 1893, was approved April 14, 1881, and took effect September 19, 1881. An examination of that act discloses the fact that it contains a section sixteen, which is §1917 of the Revised Statutes of 1881, and that said section defined the crime of rape, and fixed the punishment therefor. The title and body of the act clearly show what act, and the section thereof, was intended to be amended. It follows that the court did not err in overruling the motion to quash and the motion in arrest.

One of the causes assigned for a new trial is the misconduct of the prosecuting attorney in his argument to the jury. The record shows that the prosecuting attorney made remarks at different times in his argument to the jury which were objected to by appellant, and that the objections made were sustained by the court, and the remarks were withdrawn. No exception was reserved to any action or ruling

of the court in regard to such statements of the prosecuting attorney. The court did all it was asked to do by appellant in regard to said statements. If appellant thought any further action on the part of the court, by way of instructions or otherwise, was necessary to remedy the injury, if any, caused by said remarks, he should have requested the court to take such action. But if he believed that the injury was of such a character that it could not be repaired in that way, he should have moved the court to set aside the submission, and direct the discharge of the jury from the further consideration of the case, or should have taken such other steps as would be necessary to secure a fair and impartial trial. This he failed to do, but permitted the case to proceed to a final determination, and thereby waived all questions, if any, arising out of such misconduct. *Grubb* v. *State*, 117 Ind. 277, 283; *Staser* v. *Hogan*, 120 Ind. 207, 222; *Drew* v. *State*, 124 Ind. 9, 12; *White* v. *Gregory*, 126 Ind. 95, 98; *Siberry* v. *State*, 133 Ind. 677, 683; *Reed* v. *State*, 141 Ind. 116, 119.

The other causes assigned for a new trial, and not waived by a failure of appellant to discuss the same in his brief, are predicated upon the unconstitutionality of the act of 1893. As we hold that act to be constitutional it is not necessary to consider them.

Judgment affirmed.