Mankin *v.* Pennsylvania Co.

---

## Mankin *v.* Pennsylvania Company.

[No. 19,856. Filed April 23, 1903.]

Appeal and Error.—*Change of Venue.—Superior Courts.—Jurisdiction of Case on Change of Venue.*—Where a cause was sent to the superior court of an adjoining county on change of venue, and the plaintiff filed in such court an amended complaint and a reply to defendant's answer, without objection to the jurisdiction of the court, and proceeded to trial, it is too late for him to question the jurisdiction of the court for the first time on appeal. *pp. 449, 450.*

Same.—*Statute Repealed.*—The act of 1873 (Acts 1873, p. 194) by which the original bill of exceptions containing the evidence could be embraced in the transcript without copying the same, was repealed by §1477 Burns 1901. *p. 451.*

Mankin *v.* Pennsylvania Co.

APPEAL.—*Record.*—*Evidence.*—Where the clerk took the part of the original bill of exceptions containing the evidence and incorporated it in the transcript without copying, and copied the remainder of the bill containing appellant's challenge to the array, the instructions to the jury, and the judge's certificate to the bill, the evidence is not properly in the record, under §§661, 662 Burns 1901, requiring all original papers, documents, or entries to be copied into the transcript, nor under §638a Burns 1901, which provides that the original bill containing the evidence may be embraced in the transcript instead of copying it therein.    *p. 451.*

STATUTES.—*Amendment.*—*Reference to Title.*—*Constitutional Law.*—The act of 1891 (Acts 1891, p. 376) amending §359 of the act of 1881 (Acts 1881, p. 240) concerning struck juries, the same being §525 R. S. 1881, refers to the title of the act to be amended as "An act concerning trial by jury," giving the number of the section of the act sought to be amended, and the section number thereof in the revised statutes of 1881. The title to the act of which the section sought to be amended is a part is "An act concerning proceedings in civil cases." *Held,* that the act of 1891 is unconstitutional and void, under §21 of article 4 of the Constitution, which provides: "No act shall ever be revised or amended by mere reference to the title, but the act revised or section amended shall be set forth and published at full length."

SAME.—*Amendment.*—*Reference to Title.*—*Constitutional Law.*—Where the act or section to be amended is identified in the manner required by the Constitution, and it is not certain what act or section was amended, the court will resort to means other than the title to determine what act or section was amended; but if the act or section is not identified in the manner required by the Constitution, the court will not resort to such other means of identification, although the act intended would thereby be ascertained beyond question.

APPEAL AND ERROR.—*Struck Jury.*—Where under a demand for a struck jury it appears that the clerk of the court took forty of the names in the list made and filed by the jury commissioners from which a jury was struck, it must be held on appeal, nothing to the contrary being shown, that the clerk adopted said forty names as his own selection, under §525 R. S. 1881.

SAME.—*Instructions.*—*When Evidence is Not in Record.*—Where the evidence is not in the record, the instructions given by the court will not be held erroneous if correct under any evidence admissible under the issues in the cause.

From Porter Superior Court; *H. B. Tuthill,* Judge.

Action by Jesse Mankin against the Pennsylvania Company. From a judgment in favor of defendant,

plaintiff appeals.    Transferred from Appellate Court, under §1337u Burns 1901.    *Affirmed.*

*Peter Crumpacker*, for appellant.

*Allen Zollars*, *C. H. Worden* and *F. E. Zollars*, for appellee.

Monks, J.—Appellant brought this action in the Lake Superior Court to recover damages for personal injuries to himself, alleged to have been caused by appellee's passenger-train colliding with him on April 27, 1898.    Before appellee filed any pleadings, the venue of said cause was changed to the Porter Superior Court, where appellant filed an amended complaint.    Appellee filed an answer in two paragraphs, to the second paragraph of which appellant filed a reply.    The cause was tried by a jury, and a general verdict returned in favor of appellee.    Answers to interrogatories submitted by the court at the request of the parties were returned with the general verdict.    Over appellant's motion for a new trial, judgment was rendered in favor of appellee upon the general verdict.

Appellant has assigned two errors:    (1) "That the Porter Superior Court erred in proceeding in said cause, for it had no jurisdiction;" (2) the court erred in overruling appellant's motion for a new trial.

At the time the change of venue was taken, the statute provided that the cause should be sent to the circuit court of the adjoining county.    After the papers and transcript in said cause had been filed in the office of the clerk of the Porter Superior Court, and said cause docketed therein, appellant appeared in open court and filed an amended complaint, and afterwards filed a reply to appellee's answer to said complaint.    Afterwards the cause was tried by a jury, and a verdict returned.    Appellant filed a motion for a new trial, which was overruled, and final judgment was rendered against him.    Appellant did not raise any question in the court below as to the jurisdiction of said court.

The Porter Superior Court had general jurisdiction over the class of cases to which the one before us belongs. After appellant appeared in that court, without objection to the jurisdiction thereof, and took the steps above mentioned, as the record shows, it was too late for him to question its jurisdiction of this cause. Appellant was plaintiff, and was demanding in that court, which had general jurisdiction over the subject-matter, a judgment against appellee. He can not now claim that said court had no authority to act. Cox v. Pruitt, 25 Ind. 90, 93, 94; Garner v. Board, 27 Ind. 323, 324; Tholke v. State, ex rel., 50 Ind. 355, 356; Street v. Chapman, 29 Ind. 142, 151, 152; Center Tp. v. Board, etc., 110 Ind. 579, 582, 583.

Appellee insists that the part of the record which purports to be a bill of exceptions containing the evidence, proceedings on appellant's challenge to the array, and the instructions, is not in the record, and that for this reason no question presented by the motion for a new trial can be determined. What purports to be a bill of exceptions commences on page 70, and ends on page 522 of the transcript. The jury returned a verdict on May 27, 1899, the last day of the May term of said court, and appellant filed his motion for a new trial on the first day of the next term of said court. Said motion was overruled by the court on May 27, 1900, and ninety days given appellant in which to file a bill of exceptions. The evidence was taken down by an official reporter, and the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions. After the same was incorporated in the bill of exceptions, said bill, on January 9, 1901, was signed by the judge and filed in the clerk's office on January 10, 1901. It appears from the record that the clerk has taken pages 70 to 485 inclusive, of the original bill of exceptions, and embraced the same in the transcript, and immediately thereafter has copied into the transcript the remainder of the bill of exceptions, being pages 486 to

522, inclusive. In other words, said original bill of exceptions has been taken or torn apart, and that part thereof containing the evidence and the beginning of the bill has, without copying, been embraced in the transcript as pages 70 to 485 inclusive, and the remainder of said original bill, containing the proceedings on appellant's challenge to the array, and the instructions, and the judge's certificate to the bill, has been copied into the transcript as pages 486 to 522 inclusive.

Appellant insists that the bill of exceptions is properly in the record in this court, under the act of 1873 (Acts 1873, p. 194), and that the evidence and other matter contained therein must be considered by this court. An examination of the decisions of this court will show that said bill of exceptions is not a part of the record under said act. It is clear, however, that said act of 1873 was repealed by §1447 Burns 1901, §8, Acts 1899, p. 384, which took effect March 3, 1899, several months before the trial of this cause. We need not, therefore, give said act of 1873 any further consideration.

Under the code of civil procedure no original paper, document, or entry in a cause can be incorporated in the transcript filed on appeal in this court, but all papers, documents, and entries must be copied into the transcript, and if any such original paper, document, or entry is incorporated in the transcript it will be disregarded. §§661, 662 Burns 1901, §§649, 650 R. S. 1881 and Horner 1901; *Holt* v. *Rockhill,* 143 Ind. 530, 532, 533; *Leach* v. *Maltix,* 149 Ind. 146, 148, and cases cited. The only exception to this rule, since the repeal of said act of 1873 (Acts 1873, p. 194) is that created by §638a Burns 1901 (Acts 1897, p. 244), under which an original bill containing the evidence may be embraced in the transcript, instead of copying it therein. All other laws on this subject have been either repealed or held unconstitutional. *Smith* v. *State,* 145 Ind. 176, 182, 183; *Beatty* v. *Miller,* 146 Ind. 231; *Adams* v.

*State,* 156 Ind. 596, 597-603. Nothing, however, but the evidence can be brought up by the original bill. If it contains instructions or other matters, they will be disregarded. *Adams* v. *State, supra,* and cases cited; *Maynard* v. *Waidlich,* 156 Ind. 562, 566.

Said original bill of exceptions is not embraced in the transcript as required by the act of 1897, *supra,* and is not, therefore, in the record under that act. Nor is the bill copied into the transcript as required by §§661, 662, *supra,* and the same is not, therefore, in the record under said sections.

As neither said act of 1897, *supra,* nor said §§661, 662, *supra,* have been complied with, said bill of exceptions can not be considered.

But if the court considered that part of the bill which is copied into the transcript, and which includes a copy of the judge's certificate showing when the same was presented to, and signed by him, it would not change the result. Said part of the bill shows that appellee filed in the office of the clerk of the Porter Superior Court a written demand for a struck jury to try said cause; that said clerk gave written notice, according to law, of said demand to appellant and appellee that the date fixed for the striking of said jury was May 11, 1899. The jury commissioners were also notified of said demand and date, and on May 8, 1899, said jury commissioners handed to the clerk the names of fifty persons from whom to strike said jury; that all of the persons named in said list were residents of Center township, in Porter county, and all but two were residents of the city of Valparaiso, in said township. On the day fixed to strike the jury said jury commissioners were not present, and said appellee was present by its attorneys, and, appellant not appearing at any time either in person or by attorney, appellee, by its attorneys, and the clerk of said court proceeded to strike from a list of forty names taken by the clerk from such list of fifty names until the list

was reduced to sixteen, whereupon the clerk issued process to the sheriff commanding him to summon said sixteen persons as struck jurors. None of the names of said list of fifty names was selected by said jury commissioners and deposited in the jury-box, nor were such names, or any of them, drawn from the jury-box. After the jury had been sworn on their *voir dire,* and before they were sworn to try the cause, appellant challenged the array, one of the grounds of challenge being that the provisions of §534 Burns 1901, Acts 1891, p. 376, had not been complied with in the selection of the names and striking of the jury.

It is contended by counsel for appellee that the act of 1891, *supra,* is unconstitutional and void, under §21 of article 4 of the Constitution. Section 21 of said article provides that "No act shall ever be revised or amended by mere reference to the title; but the act revised or section amended shall be set forth and published at full length." It has been uniformly held by this court that two things were required by said section of the Constitution in the amendment of a section of an act: (1) The title of the act to be amended should be referred to by setting the same out in the title to the amendatory act; and (2) the section as amended should be set forth and published at full length. *Citizens St. R. Co.* v. *Haugh,* 142 Ind. 254, 256; *Lingquist* v. *State,* 153 Ind. 542-544, and cases cited; *O'Mara* v. *Wabash R. Co.,* 150 Ind. 648, and cases cited. The title to the act of 1891, in controversy, reads as follows: "An act to amend §359 of an act concerning trial by jury, in force since September 19, 1881, the same being §525 of the revised statutes of 1881." The reference in the title to §359, under the cases cited above, is not sufficient. Said section may be found in an act entitled, "An act concerning proceedings in civil cases," Acts 1881, pp. 240, 307, §525 R. S. 1881.

It will be observed that the amendatory act of 1891

(Acts 1891, p. 376) does not refer to the title of the act to be amended by setting it out, as required by said §21 of article 4 of the Constitution, but refers to the act to be amended as, "An act concerning trial by jury," which is not the title of the act in which said §359, supra, may be found. When the act or section to be amended is identified in the manner required by the Constitution, and it is not certain what act or section was amended, the court will resort to means other than the title to determine what act or section was amended. But if the act or section is not identified in the manner required by the Constitution, the court will not resort to such other means of identification, although the act intended would thereby be ascertained beyond question. Lingquist v. State, 153 Ind. 542, 544; Citizens St. R. Co. v. Haugh, 142 Ind. 254, 256, 257, and cases cited. It follows that as the title of said act of 1891, supra, fails to identify the section to be amended by setting the same out in the title thereof, as required by §21 of article 4 of the Constitution, the same is unconstitutional and void, and that §359, Acts 1881, pp. 240, 307, §525 R. S. 1881, was in force when said jury was struck. The fact that said unconstitutional act of 1891 was not observed in the striking of said jury, therefore, furnishes appellant no ground for complaint.

The clerk of the court below took forty of the names in the list made and filed by the jury commissioners in the clerk's office, and from them the jury was struck. It must be held, nothing to the contrary being shown, that the clerk adopted said forty names as his own selection under §525, supra. The court heard the evidence on the challenge to the array and found against appellant. We think this finding of the court below was clearly sustained by the evidence given on that issue.

Complaint is made of certain instructions given to the jury. As the evidence is not in the record, none of the instructions will be held erroneous if correct under any

evidence admissible under the issues in the cause. *Rapp* v. *Kester,* 125 Ind. 79, 82, and cases cited; *Chestnut* v. *Southern Ind. R. Co.,* 157 Ind. 509, 515, and cases cited. Considering the instructions as a whole, and disregarding mere verbal inaccuracies, as we are required to do (*Shields* v. *State,* 149 Ind. 395, 406, and cases cited), we can not say that said instructions are not correct under any evidence admissible under the issues.

Judgment affirmed.

Gillett, J., concurs in the result.