## GROVES *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF LAKE.

[No. 26,387. Filed January 8, 1936.]

*Draper & Draper* and *George W. Douglas,* for appellant.

*George E. Hershman,* for appellee.

TREMAIN, J.—The appellant, as treasurer of Lake county, filed an action against the board of commissioners of said county, pursuant to section 119 of chapter 145 of the Acts of the General Assembly of the State of Indiana for the year 1895, as amended by chapter 113, pages 171-173, inclusive, of the Acts of the General Assembly for the year 1897, to recover from the county a six per cent commission upon all delinquent taxes collected from the first day of July, 1931, to the 31st day of December of the same year. Pursuant to said statute, appellant claimed said commission as his own, and in addition to the regular salary of such county treasurer. It appears from the complaint that appellant's term of office expired December 31, 1931, and that he had received a commission of six per cent upon delinquent taxes collected by him prior to July 1, 1931.

The appellee demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and assigned as specific ground for demurrer that the statute relied upon by appellant did not apply to the office, salary, or commission of such treasurer; that said statute was repealed by section 12 of chapter 47 of the Acts of the General Assembly of 1931, which became effective July 1, 1931; that section 2 of said chapter 47 provided that the treasurer in the county or counties to which said act applied should receive an annual salary of $8,000, the same to be in full for all services rendered, and no other compensation, penalties, emoluments, interest, costs, expenses, fines, forfeiture or fees of any nature whatsoever should be retained by the treasurer as his property, but the same should be paid into the general fund of the county.

The demurrer to the complaint was sustained. Appellant refused to plead over and elected to stand upon his exceptions to the ruling of the court. Judgment was rendered against him and he appealed to this court.

Appellant contends that chapter 47 of the Acts of 1931 does not repeal the law authorizing the six per cent commission for the reason that the 1931 act violates clauses 10, 11, and 14 of section 22, article 4, of the Constitution of Indiana, and that it also violates section 23 of the same article. Appellant further says that if the 1931 act is valid, it does not deprive him of the six per cent commission and does not apply to Lake county. He argues that said section is local and special; that it tends to set up a classification which is unnatural, artificial, whimsical, and not based upon population or necessary services required.

Section 1 of chapter 47 of the Acts of 1931 provides:

"That in counties having a population of not less than 250,000 nor more than 400,000, and having three or more cities, each with a population of 50,000 or more, according to the last preceding census of the United States, and in judicial circuits co-extensive with such counties, the following named sums, each to be paid from the county treasury . . . shall be the salaries of the respective officers named herein."

Then follows a list of the county officers with salaries named. The salary of the county treasurer is fixed at $8,000 per annum. Section 2 of the act provides that the salaries named in section 1 shall be in full for all services and that no other compensation or fees of any nature shall be retained by such officers. Sections 7 and 8 provide that all such fees, interest, penalties, etc., shall be paid into the general fund of the county. Section 10 provides that it shall be unlawful for any officer to retain such fees, etc. Section 12 repeals all laws or parts of laws in conflict therewith, and section 16 provides that the act shall be in full force and effect on and after the first day of July, 1931.

Upon the question of the authority of the General Assembly to make classifications generally, not only

upon the question of fees and salaries but upon the general question of classification for legislative purposes, the line of demarcation made by the decisions of this court upon that subject—classification according to population—is narrow. One line holds the statutes to be unconstitutional where the law is made to apply to units of small difference in population. This line of decisions may be illustrated by the case of *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 70 N. E. 134. The statute in that particular case was made to apply to cities having a population between 4,540 and 4,545, and was held unconstitutional as being local and special. On the other hand there are many statutes based upon a wider spread of population which are held valid.

Chapter 47 of the Acts of 1931 fixes the compensation of certain public officers in counties having a population of not less than 250,000 nor more than 400,000, and having three or more cities, each with a population of 50,000 or more, according to the last preceding United States Census. If this court understands the appellant, there is no objection to that part of the statute which applies to counties having a population of not less than 250,000 nor more than 400,000, but the objection goes to the further classification which provides that it shall apply to counties having three or more cities, each with a population of 50,000 or more. He says this classification makes the act local and special, and, even though this is a fee and salary act, contends that it violates the sections of the Constitution above named.

The appellant further says that the act as written applies to Lake county only; that there is no other county in the state having three or more cities of 50,000 each, and for that reason alone, it is local and special, and violative of sections 22 and 23 of article 4 of the Constitution. Many statutes have been upheld by this court which apply to one county or

one city only at the time of the enactment. *Campbell* v. *City of Indianapolis* (1900), 155 Ind. 186, 57 N. E. 920; *Bumb* v. *City of Evansville* (1907), 168 Ind. 272, 80 N. E. 625; *City of Indianapolis* v. *Navin* (1898), 151 Ind. 139, 47 N. E. 525, 51 N. E. 80. The fact that Lake county is the only one in the state with three or more cities, each with a population of 50,000 or more, according to the last preceding United States Census, to which the 1931 act can have a present application, will not be sufficient to condemn it. If the act is broad enough to apply to all counties of the state under the same circumstances, it cannot be condemned.

The court takes judicial knowledge of the Federal Census of the population of cities and counties in the state. It is a settled proposition that a statute which classifies counties or cities to be governed by its provisions according to the population of the last United States Census, will be held to apply to all other counties and cities which under a future census may pass into that class. The phrase "last United States Census" applies to each succeeding census as it occurs. Under such circumstances the law is general in its application and not local or special.

The legislature possesses the power to make reasonable and proper classification based upon population for purposes of legislation. The classification must be based upon some justifiable distinction when considered in the light of the purposes and objects to be attained. *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 186 N. E. 841; *Gruber, Trustee* v. *State ex rel.* (1925), 196 Ind. 436, 450, 148 N. E. 481; *Harmon* v. *Board, etc.* (1899), 153 Ind. 68, 54 N. E. 105; *Crist* v. *Molony* (1918), 187 Ind. 614, 119 N. E. 1001; *Smith* v. *Indianapolis St. R. Co.* (1902), 158 Ind. 425, 63 N. E. 849; *Mode et al.* v. *Beasley et al.* (1896), 143

Ind. 306, 42 N. E. 727. Many other cases could be cited upon that proposition.

What the legislature may have had in mind, or what justifiable distinction it may ·have considered, is not known to the court, nor is the court concerned with the motives or reasons of the legislature in the enactment of the statute. It is the application of the law which concerns the court. If the provisions of the act are broad enough, and are germane to the government of counties falling within its terms, it will be regarded as general in its application.

Clearly the act is a fee and salary law. It cannot violate Clause 10 regulating county and township business, nor clause 11 regulating the election of county and township officials.

That part of clause 14, section 22, article 4, of the Constitution of Indiana, to-wit:

"Except that the laws may be so made as to grade the compensation of officers in proportion to the population and the necessary services required,"

was added to the Constitution by the amendment of 1881. Prior to the amendment, it was held that a law providing for compensation of public officers according to population was a general and not a special or local law, and was valid. *Legler* v. *Paine et al.* (1897), 147 Ind. 181, 45 N. E. 604. After the amendment of 1881, as this case holds, "the grading of the compensation of officers according to services rendered, or according to both population and services, can evidently be done only by the enactment of a local and special law, or local and special laws. And the discretion of the legislature in relation to the passage of such laws, unless grossly abused, cannot be inquired into, for the sufficient reason, if for no other, that the courts cannot . . . have any adequate means of knowing whether the legislation, in respect to the services of

officers, was in compliance with the requirements of the Constitution or not. The services will vary according to local conditions and the varying business of the different counties of which there can be no judicial knowledge." So in the case at bar, the legislature may have possessed very good reasons for classifying counties, as it did in the act under consideration, in fixing salaries of the officers named, and denying the retention of certain fees theretofore retained.

The population of the cities in the county and the fact that it has a circuit court with jurisdiction co-extensive with the county cannot be said to be unrelated to the services required of officers, and hence to the salary they are to receive.

To analyze the elements entering into the services required of county officials in populous counties is the work of the legislature. This power was granted to the legislature by the 1881 amendment. It relates particularly to services rendered. As pointed out above, no additional power was needed as far as population was concerned.

It is held in *Board, etc.* v. *Albright* (1907), 168 Ind. 564, 575, 81 N. E. 578, and many other decisions of this court, that "it must at this time be regarded as settled by our cases that there is no objection that the legislature, by special act, fixes the salary of a county officer, since it will be presumed that this is done as an adjustment of the general scale."

In discussing the judge's salary act of 1903, this court, in *State ex rel.* v. *Billheimer* (1912), 178 Ind. 83, 96 N. E. 801, at page 88, made use of the following language:

"When the legislature enacts a salary law, which does not give all the officers of the same kind the same salary, the presumption is, if necessary to the constitutionality of such act, that the legislature

has 'graded the compensation' of such officers in proportion to 'the population and the necessary services required.' Every presumption is indulged in favor of the constitutionality of a law, and it is only when it is made to appear beyond a reasonable doubt that it violates some provision of the Constitution that the court can declare it void. *Jamieson* v. *Indiana, etc., Oil Co.* (1891), 128 Ind. 555, 28 N. E. 76, 12 L. R. A. 652; *Citizens St. R. Co.* v. *Haugh* (1895), 142 Ind. 254, 258, 41 N. E. 533; *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313."

The Act under consideration cannot be held to violate clause 14.

Section 23 of article 4 provides:

"In all the cases enumerated in the precering Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

This means that the law shall operate in all parts of the state in a similar manner, under the same circumstances and conditions. *The Consumers' Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 29 N. E. 1062; *Strange* v. *Board, etc.* (1910), 173 Ind. 640, 91 N. E. 242.

It has been held that a law which operates in all parts of the state in a similar manner, where the same circumstances and conditions exist, is a law of uniform operation and is not violative of said section 23. *State* v. *The Indiana, etc., R. Co.* (1892), 133 Ind. 69, 32 N. E. 817; *State* v. *The Pennsylvania Co.* (1892), 133 Ind. 700, 32 N. E. 822, 33 N. E. 369.

If the Act in question is condemned by this court as being violative of either section 22 or section 23 of article 4 of the Constitution, the court would be required to go to the extent of holding that the classification made by the legislature is unnatural, artificial, and arbitrary, or, in other words, this

court would be required to substitute its judgment in place of the judgment of the legislature. Since the court is concerned only with the application of the act, and may conclude that the legislature had ample reason to fix not only the salary of the county treasurer, but of all county officials coming within the terms of chapter 47, since the act cannot be condemned because at the time of its enactment there was but one county in the state meeting is requirements; and since it is broad enough to apply to any and all other counties which may come within its terms upon any subsequent United States Census; and considering changes that come in population in counties and cities, of which Lake county is illustrative; and considering the amount of work which may be required of county officials in counties of like population and situation, this court would not be justified in condemning the act. Furthermore, it is a rule of construction of such statutes that even where there is doubt in the minds of the members of the court as to the constitutionality of the act, such doubt is sufficient to require the court to hold the act to be constitutional.

The court holds that the act in question is so worded and is broad enough to receive within its operation all counties possessing the population and conditions designated, and that no legal reason has been pointed out for the condemnation of the act. Besides, it must not be overlooked that the act in question is strictly one fixing the fees and salaries of certain county officials, residing in counties coming within the classification named in the statute. Fee and salary statutes, generally speaking, are specific in their operation, and the fees and salaries named in the act always apply to the specific county possessing the population designated in connection with the necessary services rendered.

Appellant says that even if chapter 47 of the Acts of

1931 is valid, it does not deprive him of the six per cent commission, for the reason that he is required, under that act, to collect the commission on delinquent taxes and to pay it in to the general fund, etc., but nowhere is deprived of the same. There can be no foundation for the appellant's contention in this respect because section 8 of the act requires him to pay such commissions into the general county fund semi-annually, and section 10 of the act makes it unlawful for any officer named in the act to retain any fee, penalty, etc., and section 12 repeals all laws in conflict therewith.

Appellant lastly contends that said chapter 47 does not apply to Lake county, and says that by its terms it applies to counties of certain population having three or more cities, each with a population of 50,000 or more; that Lake county has the required population and three or more cities; that "in fact, Lake county has six cities, but each of said cities does not have a population of 50,000 or more. The law, therefore does not apply to Lake county." From this statement he argues that the word "each" as used in the act and as defined by the dictionaries is a distributive adjective pronoun and denotes or refers to every one of two or more comprising the whole of the series mentioned, and puts upon that word a restrictive use in applying it to each city in the county. Whatever fine distinction the appellant may have in mind as to the use of the word "each," it is clear that the legislature meant that the counties to which the act applied must have at least three cities with 50,000 population each.

The court is of the opinion that said statute does not violate the constitutional provisions mentioned herein, and that the decision of the lower court should be affirmed.

Judgment affirmed.