325 N.E.2d 482 (1975)
BOARD OF COMMISSIONERS of the County of Bartholomew, Indiana, et al., Plaintiffs-Appellants,
v.
The BOARD OF TRUSTEES of the Town of Edinburg, Indiana, et al., Defendants-Appellees.
No. 1-1073A179.
Court of Appeals of Indiana, First District.
April 15, 1975.
Rehearing Denied May 29, 1975.
Cline, King & Beck, Thompson & Jones, Columbus, for appellants.
James A. Buck, Gary R. Landau, Buck, Berry, Landau & Breunig, Indianapolis, for appellees.
LOWDERMILK, Judge.
Plaintiffs-appellants (County Owners) brought this action against defendants-appellees (Edinburg) seeking to permanently *483 enjoin Edinburg from exercising territorial jurisdiction for all land use control over that portion of land in Bartholomew County which was within two miles of Edinburg. Edinburg sought to exercise control over the area, pursuant to a proviso of IC 1971, XX-X-X-XX, Ind. Ann. Stat. § 53-734 (Burns 1973 Supp.) which pertinent parts are as follows:
"... Provided further, That any city located in a county with a population of less than 84,000 according to the last decennial census may, at any time, after filing notice with the county recorder and with the county plan commission (which plan commission shall have adopted in accordance with this chapter, a master plan and ordinance covering the unincorporated areas of such county) exercise or reject territorial jurisdiction over all or part of the area within two [2] miles of the corporate limits of such city and within the county in which it is located, whether or not such city plan commission has exercised such jurisdiction at any previous time. Within sixty [60] days after receipt of such notice, said county plan commission and the board of county commissioners shall cause the county master plan and ordinance to be revised to reflect such decision of the city plan commission exercising the option provided for in this proviso."
After a bench trial the court handed down special findings of fact and conclusions of law thereon, together with a judgment for Edinburg. County Owners timely filed their motion to correct errors; errors claimed were that the statute was unconstitutional as it applied to them because of violations of equal protection, disenfranchisement, improper special laws and improper delegation of legislative powers. The motion to correct errors was overruled.
The statute allows the city plan commission of towns located in counties with a population of less than 84,000 (which would include Bartholomew County), to exercise jurisdiction over unincorporated areas within two miles of the corporate limits without the consent of the county commissioners. Such consent is required if the county has a population in excess of 84,000.
County Owners claim that one effect of the statute is a disenfranchisement of the rights of affected property owners.
This issue, as well as other issues in the case at bar, were recently presented to the Second District of this court in the case of Board of Commissioners of the County of Howard v. Kokomo City Plan Commission (1974), Ind. App., 310 N.E.2d 877. In a well-written majority opinion Judge Sullivan held that orderly planning and development was a community interest and that self government does not require the consent of those affected by extra-territorial municipal planning. Thus, County Owners' argument concerning disenfranchisement must fail.
The second constitutional argument raised by County Owners is that the application of the statute is a denial to them of equal privileges and equal protection of laws. The gist of this argument is that the classification of 84,000 people is arbitrary and has no rational basis and is a special law. The majority opinion in Board of Commissioners of the County of Howard, supra, ably sets out the tests to be used in the present situation;
"Our consideration of the issue thus posed must be in the light of the following well established rules as collected and quoted in Bailey v. Evansville-Vanderburgh Airport Authority Dist. (1960) 240 Ind. 401, 406-407, 166 N.E.2d 520, 523:
`(1) A statute is presumptively valid and will not be overthrown as unconstitutional if it can be sustained on any reasonable basis; (2) It is the duty of courts to uphold Acts of the Legislature if it is possible to do *484 so within rules of law, and where there is a doubt as to the constitutionality of a statute, it must be upheld; and (3) the burden is on the party attacking the constitutionality of the statute to establish the invalidating facts; and its invalidity must be clearly shown.'
It is further well established that while legislative classifications may be based upon population alone, such classification must bear a rational relationship to the subject matter and be based upon justifiable distinctions in the context of the legislative goal sought to be obtained. Dortch v. Lugar (1971) 255 Ind. 545, 266 N.E.2d 25. The reason for the classification must inhere in the subject matter. R.R. Comm. v. Grand Trunk Western R.R. Co. (1913) 179 Ind. 255, 100 N.E. 852. If the rational relationship does not exist or if the populational distinction drawn does not justifiably bear upon the legislative goal, the enactment is prohibited by Art. 4, § 23 of the State Constitution which requires that `where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State.'" 310 N.E.2d at p. 886.
The majority then applied these tests to the statute in question and determined that there was no rational relationship between the classification and the subject matter thereof, i.e., consent.
It is at this point that we must respectfully disagree with the majority in Board of Commissioners of the County of Howard, supra. It is our opinion that the dissenting opinion of Judge Buchanan correctly finds that the statute has no constitutional infirmity. The dissent ably discusses the purpose for the statute in relation to its effect on the areas involved and points to other areas where Indiana courts have upheld the validity of classifications based upon population. It is evident that any classification with a population basis is to some degree arbitrary. Judge Buchanan concluded as follows:
"There is a rational relationship between the legitimate legislative goal of long range planning for the orderly development of urban and rural areas in Indiana counties and the requirement that the more populous counties (having a population in excess of 84,000, being 13 in number) may exercise a veto power in these more densely populated areas." (Original emphasis.) 310 N.E.2d at p. 892.
"In summary, the statute in question creates a classification which is reasonably and naturally inherent in the subject matter, and is based upon justifiable distinctions between localities. Its provisions are broad enough to apply to all counties and cities of the state under the same circumstances, and so may not be condemned as violative of Art. 4, § 23, of our Constitution as a local or special law. Dortch v. Lugar, supra; Groves v. Board of Commissioners of Lake County, (1936) 209 Ind. 371, 199 N.E. 137, 310 N.E.2d at p. 893."
We are in agreement with the above statement of Judge Buchanan and now hold that the statute does not deny due process and is not a local or special law and is, thus, constitutional.
Finally, County Owners have urged that the statute could be construed as permitting assumption of the area in question by Edinburg only if the county board of commissioners does not object thereto. This issue is based on the assumption that the statute is unconstitutional, as contended by County Owners. Our decision that said statute is constitutional renders this final issue meaningless since the statute expressly states that no consent is required except in counties with a population of 84,000 or more.
Judgment affirmed.
ROBERTSON, C.J., and LYBROOK, J., concur.