BOARD OF COMMISSIONERS OF THE COUNTY OF BARTHOLOMEW ET AL. *v.* THE BOARD OF TRUSTEES OF THE TOWN OF EDINBURG ET AL.

[No. 1275S361. Filed December 9, 1975.]

*Cline, King & Beck,* of Columbus, *Thompson & Jones,* of Columbus, for appellants.

*James A. Buck, Gary R. Landau, Buck, Berry, Landau & Breunig,* of Indianapolis, for appellees.

PER CURIAM.—Plaintiffs-appellants brought suit to enjoin the town of Edinburg from exercising extra-territorial planning jurisdiction within two miles of the town of Edinburg as authorized by Ind. Code § 18-7-5-34 (Burns Code Ed.) on the ground that said statute is unconstitutional. The trial court denied the relief sought. The Court of Appeals, First District, in 325 N.E.2d 482, affirmed the judgment of the trial court on the ground that the above statute is constitutional. We grant transfer and affirm the denial of injunctive relief solely on the ground that the complaining parties lacked standing to challenge the statute in question.

The title of the present complaint named as plaintiffs the Board of Commissioners of Bartholomew County, the Bartholomew County Plan Commission, and several individuals.

The individuals listed were not named as complaining parties in the complaint. They did not sign the complaint personally or by attorney as required by Ind. R. Tr. P. 11(A). It does not appear that these individuals have prosecuted the present action either in the trial court or on appeal. Since these individuals are not true parties to the action, the mere placing of their names in the title to the complaint does not, by itself, create standing.

The Board of Commissioners of Bartholomew County and the Bartholomew County Plan Commission are the only real complaining parties. However, for the same reasons recently enunciated by this Court in *Board of Commissioners of*

*Howard County* v. *Kokomo City Plan Commission,* (1975) 263 Ind. 282, 330 N.E.2d 92, these parties also lack standing to challenge the constitutionality of the statute in question.

Accordingly, the judgment of the trial court denying the relief sought is hereby affirmed solely upon such basis.

All Justices concur.

NOTE.—Reported at 338 N.E.2d 257.